## CHRISTENSON *v.* GORSCH.

The pleadings in our courts should be in the English language.

In declaring upon a contract written in German, it is not necessary to attach to the petition, a copy of the contract in the German language.

Where in an action on a contract for building a house, written in the German language, the plaintiff attached to his petition, an English translation of the contract, the execution of which contract was not

denied by the answer of the defendant; and where on the trial, the plaintiff offered in evidence the original contract, to the introduction of which, the defendant objected, and the objection was sustained by the court; *Held*, 1. That the court erred in excluding the evidence from the jury; 2. That the execution of the contract not having been denied, it was not incumbent on the plaintiff to prove the same.

*Appeal from the Clayton District Court.*

TUESDAY, DECEMBER 22.

Plaintiff seeks to recover upon a written contract for building a house for said defendant. The contract was in the German language, and to the petition was annexed an English translation. Defendant answered, denying that plaintiff had complied with or fully completed his contract, as alleged in the petition, and setting up other matters in avoidance of plaintiff's claim, but he does not deny the execution of the contract upon which the suit is brought. On the trial, the original contract being offered in evidence, it was objected to by defendant; the objection sustained; and plaintiff offering no further evidence, a non-suit was ordered. He excepted, and now appeals.

*Reuben Noble* and *E. Odell*, for the appellant, cited the following authorities: *Latterett* v. *Cook*, 1 Iowa, 4; *Lambert* v. *Blackman*, 1 Blackf., 57; *Eyser* v. *Weissgerber*, 2 Iowa, 483; *Linningdale* v. *Livingston*, 10 Johns., 36; *Davis* v. *Fish*, 1 G. Greene, 407; 2 Phil. Ev. 108, note 311; *Smith* v. *Lowell*, 8 Pick., 178; *Brewer* v. *Tyringham*, 12 Ib., 547; *Olmstead* v. *Beale*, 19 Ib., 528; *Van Dusen* v. *Blum*, 18 Ib., 229; *Snow* v. *Ware*, 13 Metc., 42; *Morrow* v. *Huntoon*, 25 Vert., 9; *Lee* v. *Ashbrook*, 14 Mis., 378; *Ridgely* v. *Crandall*, 4 Md., 435; *Peltie* v. *Lowell*, 12 Wend., 386; *Freeter* v. *Heath*, 11 Ib., 477; *Gillman* v. *Hall*, 11 Vermt., 510; Chitty on Cont., 569.

WRIGHT, C. J.—The court below erred in excluding the evidence offered by plaintiff. The ground of the rul-

ing appears to have been, that the plaintiff should have annexed a German, and not an English, copy of the contract sued on, to his petition. This was not necessary. The pleadings in our courts should be in, the English language; and in declaring upon a contract written in German, it is not necessary to attach a copy in such foreign language. Of course, it would be the duty of the plaintiff to show that the copy was substantially correct as a translation. *Lambert* v. *Blackman*, 1 Blackf., 57.

But a still further objection to the ruling of the court is, that defendant does not, by his answer, deny the execution or making of the contract declared upon. To exclude that offered, therefore, he should show that there was a substantial variance between it and the copy annexed. He could not, at that stage of the cause, object that a German copy was not attached, for he had failed to deny the charge that the contract, a copy of which was annexed, and which was the basis of the action, had been made. The making of such contract not being denied, it was not incumbent upon plaintiff to prove the same, but he might appropriately have confined his evidence to proof of his compliance therewith.

Judgment reversed.