## CASE *v.* CASE.

In suit for divorce on the ground of adultery, the marriage will not be inferred from matrimonial cohabitation, with the reputation of being married persons, if the result of such inference be to prove defendant guilty of bigamy. In such cases actual marriage must be proven.

The one hundred and twenty-first section of the Act concerning Crimes and Punishments, as to proof of marriage in prosecutions for bigamy, does not so change the common law rule as to make mere cohabitationpro of of marriage. This section simply obviates the necessity of proving the marriage by documentary or record evidence.

APPEAL from the Sixth District.

Suit for divorce on the ground of adultery. Plaintiff alleges that she was married to defendant in May, 1844, in the city of New York ; and that they lived together as man and wife from that time till July, 1856—having two children, one born in 1846, the other in 1850. She charges the adultery of defendant to have been committed with a Mrs. Jackson or Lane, by marrying her, and cohabiting with her in August, 1857.

Defendant in his answer denies his marriage with plaintiff, but admits that he cohabited with her for several years before and up to July, 1856 ; that they had the two children mentioned ; and that he married Mrs. Jackson or Lane, as averred.

On the trial plaintiff proved that she and defendant cohabited as man and wife for several years ; that defendant introduced and recognized her as his wife ; and that they had the reputation of being married persons ; and also that defendant had married Mrs. Jackson, as stated. The Court below dismissed the suit.

Plaintiff appeals.

*Bowie & Griffith,* for Appellant.

The only point in the case, as presented, is as to the sufficiency of the proof of the marriage.

As our statute does not establish or fix the character of proof necessary in such actions, we are left to the common law rule as our guide.

At common law no formal ceremony is requisite to give validity

to a marriage, but a contract between the parties "*per verba de presenti*," is enough.    (*Graham* v. *Bennett*, 2 Cal. 503.)

Parties having lived and cohabited together as man and wife, the law presumes them to have been married ; and the proof of its invalidity lies upon the party asserting it.    (2 S. & R. 475; 1 Greenl. Ev. sec. 452 ; 1 Taylor, 121 ; 2 N. & M. 114 ; 1 H. & Mc. 152 : 1 Dev. 337 ; 1 Penn. 450 ; 4 Johns, 52 ; 1 Esp. 353 ; *Ford* v. *Ford*, 4 Ala. 142 ; 3 Paige, 611 ; *Jenkins* v. *Bisbee*, 1 Edw. Ch. R. 377 ; 1 Bland. 473 ; 4 Johns, 52 ; 18 Id. 346 ; 1 Dev. 337 ; 4 B. M. 575.)    In all these cases it is held that marriage may be proven by cohabitation, etc., except in cases of bigamy and criminal connection.    And our statute does away with the exceptions.    (Wood's Dig. 348, sec. 121.)

*Harmon & Curtis*, for Respondent.

I.    In a suit for divorce because of adultery on the part of the defendant who denies his marriage with plaintiff, the alleged adultery consisting in defendant's cohabiting with another woman, to whom he was solemnly and formally married, the proof of the marriage between plaintiff and defendant must be more than mere cohabitation, reputation and acknowledgment.

That as a general rule, marriage may be proved by cohabitation and reputation, we concede.    But where proof of marriage in this way involves the proof of an offense in one of the parties, such proof is insufficient ; in short, such a case comes within the principle requiring higher proof than cohabitation, etc., in indictments for bigamy and criminal connection.    (Bishop on Marriage and Divorce, secs. 324, 325, 317 ; *Clayton and Wife* v. *Wardell*, 4 Barb. 214 ; 4 Comst. 230 ; 8 Carr & Payne, 695.)

Plaintiff can prove adultery, only by showing defendant to be guilty of bigamy.    The whole matter may be stated thus : the law presumes marriage from cohabitation, but it also presumes innocence of crime ; hence, when an actual marriage is shown, the law presumes it lawful, and not tainted with bigamy ; and the presumption of a prior marriage from mere cohabitation is overthrown.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

Case v. Case.

This is an action for a divorce on the ground of adultery. The plaintiff alleges that she was married to the defendant in May, 1844, and that she lived with him as his wife from that time until July, 1856. It appears that in August, 1857, the defendant married another person, and the adultery complained of is charged to have been committed with this person. The marriage with the plaintiff is denied, but the defendant admits that he lived with her for several years, and treated her as his wife. The only evidence of this marriage consists in the fact of the cohabitation of the parties, and their reputation as married persons. The question is as to the sufficiency of this evidence.

We think that under the circumstances an actual marriage should have been proved. The general rule that in actions of this nature the marriage may be inferred from the cohabitation of the parties, we do not understand to be applicable. We cannot indulge this inference without presuming that the defendant has been guilty of the crime of bigamy, and the fact that it involves such a presumption is sufficient to repel it. In the absence of criminative proof, t is never to be supposed, as a matter of legal presumption, that a person has violated the criminal law; and the presumption in favor of innocence, says a learned writer, is not confined to proceedings instituted with a view of punishing the supposed offense, but holds in all civil suits where it comes collaterally in question. (Best on Pre. Ev. 64.) Bishop in his work on marriage and divorce, (Sec. 324) says: " Where parties are cohabiting together as man and wife, under the reputation of being married, that universal principle of law that all persons are presumed innocent until the contrary is shown, comes in and says they shall be *prima facie* considered to be married, and not to be living in- an unlawful intercourse." But in the next section he proceeds as follows: " On a libel for divorce, in which adultery is alleged, the marriage cannot be sufficiently inferred from the matrimonial cohabitation of the parties to the suit, with the reputation of being married persons, which follows, as the shadow, such cohabitation; because the same benign presumption of law which would infer therefrom an actual marriage, in order to prevent the inference that an offense had been committed, would strive, in like manner and for the same reason, to infer a marriage

between the defendant and the *particeps criminis*, and the latter inference would conflict with and neutralize the former ; therefore, it is clear, upon principle, that in this issue what is called an actual marriage must be proved." *Rex.* v. *Twining* (2 Barn. and Adol. 386) and *Clayton* v. *Wardell* (4 Com. 280) are leading authorities in support of the principle upon which this doctrine rests. The former of these cases was a proceeding to determine the settlement of a female pauper. It appeared that she had been twice married, and the question was as to the validity of the second marriage. It was objected that there was no evidence of the death of the first husband, but Bailey, J. in delivering the opinion of the Court, said : " The presumption of law is that he was not alive, when the consequence of his being so is that another person has committed a criminal act." The latter case involved a similar question, and the Court arrived at the same conclusion in regard to it. The point of the decision, and the grounds upon which the Court proceeded, are accurately and succinctly stated in the opinion delivered by Mr. Justice Pratt : " As I have before observed," says he, " cohabitation attended with other facts is merely a circumstance from which marriage in fact may be presumed ; but where facts are proved from which a contrary presumption arises, the former evidence falls, or at least is neutralized. * * The petitioner proved beyond cavil, a marriage in fact between her father and mother, and that she was the issue of such marriage. Her mother was married by her maiden name. The executors insist that the mother had been previously married to one Schenck, and attempted to prove it by circumstances. If they succeed, they prove the mother guilty of the crime of bigamy, and bastardize the petitioner. * * The circumstances proved would be sufficient, in the absence of conflicting circumstances, to raise the presumption of a marriage with Schenck ; but when an actual marriage is proved with Meserve this presumption is overthrown."

We are referred by counsel to the 121st section of the Act concerning crimes and punishments, but we are unable to perceive that the provisions of that section have any bearing upon the question. The section provides that in prosecutions for bigamy it shall not be necessary to prove either of the marriages by the register or cer-

39

tificate thereof, or other record evidence, but that the same may be proved by such evidence as is admissible to prove a marriage in other cases.   Counsel are mistaken in supposing that under these provisions the mere circumstance of cohabitation is sufficient to authorize a conviction, and we see nothing in the language used to justify such a construction.   It is clear, we think, that no such modification of the common law rule upon that subject was intended ; and the most that could have been contemplated was the adoption of a rule precluding any necessity for the introduction of documentary or record evidence.   The clause providing that the marriage may be proved by such evidence as is admissible to prove a marriage in other cases, does not derogate from this view ; for in other cases there is no uniform rule upon the subject.

We think the evidence was insufficient to establish the marriage, and the judgment is therefore affirmed.