26   129
82   447
82   450

## THE PEOPLE *v.* CHARLES ANDERSON.

PROOF OF INCOMPETENCY OF WITNESS BY PARTY OBJECTING.—A party who objects to a witness called by the opposite party, on the ground of incompetency, may adopt either of two modes to show that incompetency. He may examine the witness upon his *voir dire* as to the alleged incompetency, or he may object to the witness on the ground of the alleged incompetency, and prove it by other witnesses.

EXAMINATION OF WITNESS ON HIS *Voir Dire.*—A party who questions a witness on his *voir dire* as to his competency is concluded by his testimony, and cannot then introduce other witnesses to show the alleged incompetency, unless the answers of the witness on his *voir dire* leave the question in doubt.

HOW INCOMPETENCY OF WITNESS PROVED.—If a party objects to a witness as incompetent, and then resorts to the testimony of other witnesses to prove the alleged incompetency, but fails because his testimony is rejected as inadmissible, he may still resort to an examination of the witness upon his *voir dire.*

SAME.—If a party has two grounds of objection to the competency of a witness, he may examine him on his *voir dire* as to one ground, and call other witnesses to prove the other ground of alleged incompetency.

PROOF THAT WITNESS IS WIFE OF OPPOSITE PARTY.—Where a witness is called and objected to by the opposite party on the ground that she is the wife of the party objecting, and he then proves by other witnesses that the two had cohabited together for a long time as husband and wife, had passed in society as such, and had represented each other as husband and wife, and the party calling the witness introduces no testimony to the contrary, the witness should be rejected by the Court.

PROOF OF MARRIAGE.—Proof that a man and woman had cohabited together for a long time as husband and wife, had mingled in society as such, and represented each other as such, is admissible for the purpose of proving a marriage, and in the absence of evidence to the contrary, conclusive as such, in all cases, except in

17

actions of *crim. con.*, divorce, indictments for bigamy, and like cases, where the marriage is the foundation of the claim to be enforced.

How ERROR OF COURT IN ADMITTING EVIDENCE CURED.—If a witness is objected to on the ground that she is the wife of the party against whom she is called, and the party objecting proves by other witnesses facts sufficient to show that they are husband and wife, without proving an actual marriage, and the Court then erroneously allows the witness to testify, and on cross examination the party objecting draws out the fact that the witness is not the lawful wife of the party objecting, the party calling out this statement on cross examination is concluded by it, and the previous error of the Court is cured.

How ERROR IN RULING OF THE COURT CURED.—The general rule is, that if error intervenes the judgment must be reversed ; but, if during the subsequent proceedings of the trial the foundation of the error is overthrown, and facts are shown which support the ruling of the Court, the error is cured.

A PARTY INDORSES THE CREDIBILITY OF HIS WITNESS.—A party calling out a fact from a witness indorses his credibility, and is concluded by his statement.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendant was indicted for murder in the first degree. The District Attorney called as a witness for the People a woman under the name of Mary Jane Smith. When called, and before she was sworn to testify in the cause, the attorney for the defendant objected to her being sworn or examined as a witness, on the ground that she was his wife. The Court directed her to stand aside, and other witnesses were sworn and examined on behalf of the defendant to prove that she was his wife. The defendant was convicted of murder in the second degree and appealed.

The other facts are stated in the opinion of the Court.

*W. H. L. Barnes*, for Appellant.

Cases might be indefinitely recited to show that in England, at all times, and in every form of action known to Courts of civil and criminal, legal and equitable jurisdiction, it has been held that marriage may be proved by cohabitation, reception, the admissions, declarations, and conduct of the parties. To this general rule there is but one exception made by the English authorities, to wit : that in actions of *crim. con.* or divorce, or in indictments for bigamy, an actual valid marriage must be proved ; and this because the *marriage* is the

foundation of the claim enforced or the crime to be punished. (*Evans* v. *Morgan*, 2 C. & I. 453 ; *Rex* v. *Allison*, R. & R. 109 ; *Birt* v. *Barlow*, Doug. 171 ; *St. Devereaux* v. *Murch Dew Church*, 1 W. Bl. 367 ; *Morris* v. *Miller*, Id. 632 ; s. c. 4 Burr, 205 ; *Rex* v. *Durnell*, cit. 2 C. & K. 450 ; *Doe* v. *Fleming*, 4 Bing. 266 ; *Read* v. *Passer*, Peake, 233 ; *Sayer* v. *Glossop*, 2 C. & K. 694 ; *Scrimshire* v. *Scrimshire*, 2 Hagg. Con. 395 ; *Reg* v. *Simmonsto*, 1 C. & K. 164 ; *Freeman's Case*, 1 East. P. C. 470 ; *Rigg* v. *Curvengen*, 2 Wils. 399 ; *Norwood's Case*, East. P. C. 470 ; *Hervey* v. *Hervey*, [sup.] 2 W. Bl. 877 ; *Leader* v. *Barry*, 1 Esp. 213 ; 3 Starkie's Evidence, 1,186 ; 1 Greenleaf's Evidence, §107.)

In the United States the same rule of evidence has always obtained ; and in several of the States the force of the exception.which requires proof of an actual, valid marriage in actions of *crim. con.*, adultery, and in indictments for bigamy, etc., has been greatly weakened and modified. (*In the matter of Taylor*, 9th Paige, 611 ; *Martin's Heirs* v. *Martin*, 22 Ala. N. S. 202 ; *Forney* v. *Hallecker*, 8 Sergt. & Rawle, 158.)

In *Case* v. *Case*, 17 Cal. 598, it was admitted on the argument, that in every case where the proof of marriage does not convict the party of bigamy or adultery, it may be proved by cohabitation, declarations, and general course of life and reputation. The Court expressed the same view ; for, although it was decided that the proof of cohabitation, reputation, and acknowledgment given in this case were insufficient, the decision is put on the special ground that the inference of marriage, from the proof, would convict the defendant of bigamy ; and that *in such cases*, an actual valid marriage should be proved.

(See also, *Taylor* v. *Robinson*, 29 Maine, 323 ; *Fenton* v. *Read*, 4 Johns. 52–4 ; *Cayford's Case*, 7 Greenleaf, *57 ; *Warner* v. *Commonwealth*, 2 Virg. Cases, 95 ; Wharton's Am. Crim. Law, 756 ; Roscoe's Crim. Ev. 236 ; *State* v. *Britton*, 4 McCord, 256 ; 5 Penn. Law Journal, 1 ; *Wolverton* v. *State*, 6 Ohio, 173 ; *Kibby* v. *Rucker*, 1 Marsh, Ken. 290.)

*J. G. McCullough, Attorney-General,* for Respondent.

By the Court, SANDERSON, C. J.

The only question presented by the record in this case is as to the competency of Mary Jane Smith, called as a witness and allowed to testify, against the objection of the defendant, on the part of the People. The defendant objected to her on the ground that she was his wife, and therefore incompetent to testify for or against him in a criminal action.

There are two modes by which the competency of a witness may be determined; and the party who objects to a witness may, of right, adopt either. He may examine the witness upon his *voir dire,* or he may prove the alleged incompetency by evidence *aliunde.* If he adopts the former mode, he makes the witness his, so far as the question of competency is concerned, and is concluded by his testimony, unless that testimony, as not unfrequently happens, leaves the question in doubt, in which case he may resort to other evidence. If he thus makes the witness his, he thereby represents him to the Court as worthy of belief, and he cannot afterwards say that he is not; and if the testimony elicited on the direct examination establishes or tends to establish his incompetency, the opposite party is at liberty to cross examine for the purpose of rebuttal. If he adopts the latter mode and fails because his evidence is rejected as inadmissible, he may still resort to the former mode; and it seems, if he has two distinct grounds of objection, he may adopt one mode of proof as to one ground, and the other mode as to the other ground. But in no case is the witness allowed to testify as to his competency unless first called by the objecting party. (*Mott* v. *Hicks,* 1 Cowen, 513; *Evans* v. *Gray,* 1 Martin N. S. 709; *Vincent* v. *The Lessee of Huff,* 4 Sergeant & Rawle, 297.)

In the present case the mode by evidence *aliunde* was adopted. The ground of incompetency was proved by evidence of cohabitation as man and wife, reception in society, visiting and being visited by respectable people of their class,

attending church together (of which the witness was a member under the name of Anderson), and publicly treating and representing each other as such for a long period prior to the occasion in question. But no evidence, by marriage certificate, or registry, or testimony of eye witnesses of the ceremony, was offered by the defendant, nor was any evidence whatever offered on the part of the prosecution. That this character of evidence was admissible for the purpose of proving the marriage, and, in the absence of any evidence to the contrary, conclusive upon that question, is not denied by the Attorney-General, although a contrary doctrine seems to have prevailed in the Court below. The general rule is that this character of evidence is not only admissible, but, in the absence of evidence to the contrary, is sufficient proof of the marriage. (*Hervey* v. *Hervey*, 2 Wm. Blacks. 877; *Reed* v. *Passer*, 1 Espinasse, 213; *Wilkinson* v. *Payne*, 4 Term Rep. 468; *Campbell* v. *Troemlow*, 1 Price, 81; *In the matter of Taylor*, 9 Paige, 611; *Martin's Heirs* v. *Martin*, 22 Ala. N. S. 102; *Forney* v. *Hallacker*, 8 Sergt. & Rawle, 158; *Letters* v. *Cady*, 10 Cal. 535; *Case* v. *Case*, 17 Cal. 598.) Actions of *crim. con.*, divorce, indictments for bigamy, and like cases, where the marriage is the foundation of the claim to be enforced, or the crime to be punished, are exceptions to the rule.

Upon the testimony as it stood at the time the Court below ruled upon the question of competency, the defendant was undoubtedly entitled to a ruling in his favor. But it appears from the transcript that the witness, after she had been allowed to testify by the Court, and while under cross examination, stated that she was not the "lawful wife of the defendant, although she had lived with him as such." And it is claimed by the Attorney-General that this statement made by her to whom the fact must have been positively known, overcomes the evidence of cohabitation, etc., and that her competency thus established cures the previous error of the Court.

It was stated on the argument, by counsel for the appellant, that this evidence was given by the witness upon her own sug-

gestion, and not in response to any interrogatory put to her by him. If such be the case, it is to be regretted that the fact is not made to appear in the transcript. It appears in connection with her other evidence upon cross examination, and there is nothing in the record showing that it was volunteer testimony. We are confined to the record and must be governed by it. From the manner. in which the record is made up, the legal intendment is that the statement in question was elicited from the witness by counsel for the defendant. If such was not the fact, the record should have been made to show it; and at the trial counsel should have moved to strike out the evidence and taken an exception if denied.

Where érror has clearly intervened the general rule is that the judgment must be reversed and a new trial ordered; but such is not the case if, during the subsequent proceedings, the *foundation of the error is overthrown* and another substituted which supports the ruling of the Court, for the previous wrong, so to speak, is thereby made right, and the complaining party can no longer say that he has been injured. The record in this case places the defendant in the attitude of waiving his exception to the erroneous ruling of the Court and voluntarily reopening the question of competency. On this second investigation he examines the witness herself, and, as we have already seen, is concluded by her statement. By asking the question he indorsed the credibility of the witness, and cannot complain because he received an answer the opposite of what he expected. The mere presumption of marriage, created by the previous evidence of cohabitation, etc., was overthrown by the positive testimony of the witness to whom, of necessity, the whole truth was known, and her competency thereby fully established. We can only look to final results, and if they are found to be correct, justice has been done and the judgment must stand.

Judgment affirmed.