## THE PEOPLE *v.* AH WOO.

SUFFICIENCY OF AN INDICTMENT.—The sufficiency of an indictment in this State is to be determined by the rules prescribed in the "Act to regulate proceedings in criminal cases," and if an indictment, upon a fair reading, stands this test, it is sufficient, though not good at common law.

INSTRUMENT FORGED IN THE CHINESE LANGUAGE.—An indictment for forging an instrument in a foreign language is good if it set out a translation in the English language of the instrument charged to be forged, without containing a copy of the original in the foreign language.

MISNOMER OF FORGED INSTRUMENT.—Where the instrument charged to have been forged, or a translation of it, is set out in full in the indictment, a misnomer of its technical designation is immaterial.

PASSING A FORGED INSTRUMENT.—If a forged order is made payable to the defendant, it is sufficient to charge him in the indictment with uttering and passing the same to another with intent to defraud, without charging an indorsement. The manner in which the fraud was committed is matter of evidence.

USE OF TERMS IN INDICTMENT CONJUNCTIVELY.—Where the intent to defraud by a forgery is described in the statute by different terms stated disjunctively, the indictment may state these terms conjunctively.

WHAT IS FORGERY?—The uttering and passing, as well as the making of a forged instrument, is forgery.

APPEAL from the County Court, El Dorado County.

The following is a copy of the indictment in this case:

"The above named defendant, Ah Woo, *alias* Ma Yien Fang, is accused by the Grand Jury of said County of El Dorado by this indictment, of the crime of forgery, committed as follows: The said defendant, Ah Woo, *alias* Ma Yien Fang, on the — day of February, A. D. 1864, and before the finding of this indictment, at the County of El Dorado and State of California, did feloniously, wilfully, and unlawfully, falsely utter and pass to one Ah You, a certain false, forged, and counterfeit order, as a true and genuine order of one Wang Ah Chung, for the payment of one hundred dollars, which aforesaid order then and there was written in the Chinese lan-

guage, and of the tenor and effect following when translated into the English language, to wit:

'*To Yet Wha's Store*—Sirs: Please pay to Ma Yien Fang the one hundred dollars which I deposited at yours sometime ago, because I am sick now and need money to employ a doctor to attend me. Be sure to pay it to him, please.

'WANG AH CHUNG.

'*February* 28*th*, 1864.'

"With the intent then and there to prejudice, damage, and defraud the said Ah You, he, the said Ah Woo, *alias* Ma Yien Fang, then and there well knowing the said false, forged, and counterfeit order to be false, forged, and counterfeit, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the People of the State of California."

The defendant was convicted and sentenced, and appealed.

*Charles A. Tuttle*, for Appellant.

The indictment should have set forth the instrument. The indictment avers that the tenor of the instrument is set forth. Tenor means an exact copy. (1 East. P. C. 180; Barbour's Crim. Law, 122.) As to setting forth an exact copy, I refer to Barbour's Criminal Law, 121, 122; 2 Wheaton's Crim. Law, sec. 1,469; 3 Archibold's Crim. Pleadings, 536, 19; Wood's Digest, 289, Sec. 252.

The indictment charges the uttering and passing, and not forging the instrument. It is described as an *order*. The translation set forth is not an order but a direction to pay money deposited; it is a draft. It is alleged that the instrument was uttered to injure Ah You, who is neither the drawee or payee. Neither the words "bearer" or "order" are inserted. Ah You could not be injured by having the paper passed to him by Ah Woo.

*J. G. McCullough, Attorney-General,* for The People.

The objection that the indictment does not set forth the instrument in the original language as well as an English translation, whatever weight it might have had at the common law, if taken at any time subsequent to demurrer, is cured now in England by the provisions of the statute of 7 George IV, c. 64, sec. 21. Our Criminal Practice Act is more liberal than the English statute; and if there the objection must be taken by demurrer, here certainly it should also. (*Rex* v. *Harris,* 32 Eng. Com. Law R. 571 ; *Rex* v. *Moses,* 32 Eng. Com. Law R. 571 ; *Rex* v. *Balls,* 32 Eng. Com. Law, R. 571, and notes "*a*" and "*b*" appended thereto; 2 Russell on Crimes, *375 ; *Rex* v. *Warshauer,* R. and M. C. C. R. 466.)

But it is by no means sure, had the objection that the indictment does not set forth the instrument in its original language been raised at the proper time in the Court below and been overruled, that such a course would have worked any substantial injustice to the defendant. The object of setting out the instrument in full in the indictment is to furnish some information to the Court, and where no such information can be obtained by such a course, it is unnecessary that it should be set out. (*Regina* v. *Coulsen,* 1 Eng. Law and Eq. 550.)

This indictment only purports to set out the " tenor and effect of the instrument when translated into the English language." Whether the translation is correct or not is a question to be tested by the evidence upon the trial. We take it that the instrument was sufficiently set forth to sustain an indictment for larceny; and we think that under our statute no greater strictness is required in indictments for forgery. An English translation of the instrument must be set out, but what good could have been accomplished by setting it out in the Chinese language. (*Rex* v. *Goldstein,* Russ. and Ry. 473.) But whatever may be the common law decision upon this point, under our statute we urge that this indictment is sufficient. The Criminal Practice Act prescribes the rules by

which the sufficiency of pleadings is to be determined in this State; nor shall any indictment be deemed insufficient by reason of any defect which shall not tend to the prejudice of the defendant. (*People* v. *Littlefield,* 5 Cal. 356 ; *People* v. *Lloyd,* 9 Cal. 55 ; Wood's Digest, 288, Secs. 235, 237, 246, 247 ; Wood's Digest, 318, Sec. 601 ; *People* v. *Ybarra,* 17 Cal. 169 ; *People* v. *Ah Sing,* 19 Cal. 599 ; *People* v. *Gatewood,* 20 Cal. 149 ; *People* v. *Vance,* 21 Cal. 403.)

By the Court, SANDERSON, C. J.

I. The objection to the indictment upon the ground that it does not contain a copy in the Chinese language of the forged and counterfeit order therein mentioned is not well taken, even though it should be conceded that it would have been fatal at common law. As we have had frequent occasion to remark, the forms of pleading in criminal actions in this State are prescribed in the " Act to regulate proceedings in criminal cases," and the sufficiency thereof is to be determined by the rules or tests therein provided. Such is the express will of the Legislature, and we are not allowed to disregard it. (Section 235 ; *People* v. *Ah Sing,* 17 Cal. 598 ; *People* v. *Vance,* 21 Cal. 403 ; *People* v. *King,* 27 Cal. 507.) With much particularity that Act provides a series of tests by which to determine the sufficiency of an indictment. If an indictment upon a fair reading is found to stand these statutory tests it must be declared sufficient, notwithstanding a contrary result might follow when subjected to the tests of the common law. These tests are enumerated in section two hundred and forty-six. The sixth and seventh in order are the ones applicable to the question now before us. The first provides that the act or omission charged as the offense shall be clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. The last requires that the act or omission charged as the offense shall be stated with such a degree of certainty as to enable

the Court to pronounce judgment upon a conviction according, ·to the rights of the case.

The question before us relates solely to the description of the forged instrument which, it is charged, the defendant uttered and passed ; and under the foregoing tests we think the description given in the indictment is sufficient for all purposes which can be directly or remotely subserved by the record in this case.   The instrument is described as purporting to be an order of one Wang Ah Chung for the payment of one hundred dollars, written in the Chinese language.   An English translation is then given which, so far as the demurrer is concerned, must be assumed to be literally .correct.   (If the translation is not correct, the objection could be made by demurrer to the evidence when the instrument is offered at the trial.)   In one sense an exact copy in the Chinese language would have been a more perfect description, yet for all practical legal purposes a correct translation would be far more useful to the Court and the jury.   While the highest degree of certainty in point of description is desirable, it does not follow that a less degree is not sufficient for all legal purposes. A description which serves to establish the legal character of the instrument, to show that it is one of those enumerated in the statute against forgery, and to identify the offense sufficiently to protect the defendant against a second prosecution, answers every useful purpose, and more than that our forms of pleading do not require.   A correct translation of the instrument in question is sufficient to enable the Court to determine its legal character, even if we assume that the Chinese language is as familiar to the Court as household words. It is equally as effectual to protect the defendant against a second prosecution.   What useful purpose, then, can a copy in the Chinese language serve which is not as well served by a correct translation ?   If it be said that greater certainty would be attained, the answer is that where sufficient certainty is attained greater certainty is not needed.   Not unfrequently a more certain and complete description of stolen

goods might be given than is found in an indictment for lar-
ceny, but the indictment is not therefore vicious. The ques-
tion is not, can a more certain description be given. On the
contrary, it is, does the indictment contain a sufficient descrip-
tion. Doubtless in all cases of forgery, where the instrument
is written in a foreign language, it would be better to set out
the instrument in the language in which it is written, for by
so doing greater certainty, which is always desirable in legal
proceedings, would be attained; but it is not indispensable
that this should be done, for in our judgment sufficient cer-
tainty may be otherwise obtained.

If a statement of the foreign language in which the instru-
ment is written, accompanied by a correct translation, can
serve all the useful purposes of a pleading, as we have attempted
to show, or if a copy can be dispensed with where the instru-
ment is not written in a foreign language, as at common law,
because it has been lost or destroyed or is in possession of the
defendant, (1 Wharton on Crim. Law, Sec. 311 ; 2 Wharton on
Crim. Law, Sec. 1,468,) or if, in the latter case, a misdescrip-
tion of the instrument is to be regarded as immaterial as pre-
scribed in our statute, (Crim. Prac. Act, Sec. 252,) it follows
that the question under consideration is one of form rather
than substance; in which case it must be determined in accord-
ance with the two hundred and forty-seventh section of the
Criminal Practice Act, which declares that "no indictment
shall be deemed insufficient, nor shall the trial, judgment or
other proceeding thereon be affected by reason of any defect
or imperfection in matters of form, which shall not tend to
the prejudice of the defendant." In our judgment all the
substantial rights of the defendant have and are as fully secured
and protected under this indictment as they would have been
had it contained a copy, in the Chinese language, of the forged
instrument. It is true that a more perfect description would
have been afforded by a *fac simile,* but we think one suffi-
ciently certain for all purposes has been obtained by the course
adopted. If no legal prejudice can result therefrom to the
defendant, and we think there cannot, all the calls of the

statute upon the subject of criminal pleading are satisfied by
the indictment, so far as the present question is concerned.
(*People* v. *Littlefield*, 5 Cal. 355 ; *People* v. *Lloyd*, 9 Cal. 55 ;
*People* v. *Ybarra*, 17 Cal. 166.)

II. It is next claimed that the forged instrument is misnamed
an "order." Admitting this to be so the indictment is not
thereby made vicious. Where the instrument is set out in full
as in the present case a technical designation of its legal char-
acter becomes immaterial for the obvious reason that the Court
can determine from the face of the instrument whether it
comes within the statute against forgery. (2 Wharton's Am.
Crim. Law, Sec. 1,467.) But independent of this we think
the word "order" a proper designation of the instrument
within the meaning of the statute. (*Evans* v. *The State*, 8
Ohio State Rep. H. S. 196.)

III. It is next claimed, in effect, that the intent alleged in the
indictment is an impossible one, and it is argued that inasmuch
as the person intended to be prejudiced is neither the drawee
nor the payee mentioned in the order, and the order is not drawn
payable "to order" or "bearer," and is not transferred by
indorsement, Ah You could not have been defrauded by the
altering and passing in question. This position is untenable in
our judgment. The order was payable to the defendant under
the name of Ma Yien Fang, and he is directly charged by the
defendant with uttering and passing the same to Ah You, with
intent to defraud him. It was not necessary, in order to con-
stitute an uttering within the meaning of the statute, that
there should have been a formal indorsement. A delivery of
the order with the intent to defraud would be sufficient; and
a mere failure to comply strictly with the forms of law cannot
be relied on to defeat the charge of criminal intent.

So far as it is claimed that the indictment fails to show in what
manner Ah You was or could be defrauded by the transaction,
it is sufficient to say that all that is matter of evidence. The
charge is direct that the transfer was made with intent to
defraud Ah You, which is sufficient so far as the indictment is

concerned. It may have been passed as security for a loan. All this is to be proved, but need not be alleged.

IV. The objection to the indictment upon the ground that it reads " with intent to prejudice, damage and defraud," instead of using only one of those terms, is not tenable. It is true that the statute reads " with intent to prejudice, damage or defraud." The use of either of these terms in describing the criminal intent would have been sufficient; but where the intent is described in the statute by different terms stated disjunctively, it is well described in the indictment by the use of all stated conjunctively. (2 Wharton's Criminal Law, Sec. 1,466.)

V. Nor is the objection that the defendant could not be found guilty of forgery because the charge was for " uttering and passing a forged instrument " tenable. By the statute the uttering and passing, as well as the making, etc., of a forged instrument, is declared to be forgery.

Judgment affirmed.