[No. 20805. In Bank. — January 9, 1892.]

THE PEOPLE, RESPONDENT, v. AH SUM, APPELLANT.

CRIMINAL LAW — PERJURY — INFORMATION — USE OF CHINESE LANGUAGE —
ARREST OF JUDGMENT. — An information charging a defendant with
perjury in testifying falsely upon the trial of an action wherein he was
the defendant, as to whether he sold or transferred a certain lottery
ticket, set out in hæc verba in Chinese characters, without any allega-
tion of the meaning of the characters in English, or translation thereof,
is defective in substance, and upon conviction of the defendant, a motion
in arrest of judgment, based upon all the statutory grounds, should be
granted.

ID. — USE OF ENGLISH LANGUAGE IN JUDICIAL PROCEEDINGS. — All judicial
proceedings in this state must be conducted, preserved, and published in
no other than the English language.

APPEAL from a judgment of the Superior Court of
Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Robert Ferral, M. C. Chapman, E. C. Chapman,* and *G.
W. McEnerney,* for Appellant.

The judgment should be reversed upon the ground
that the information is not in the English language.
(Const., art. IV., sec. 24.)

*Attorney-General Hart,* and *Deputy Attorney-General Lay-
son,* for Respondent.

The lottery ticket set forth in the information is sur-
plusage, and should be disregarded. (*People v. Flores,*
64 Cal. 426; *People v. Granice,* 50 Cal. 448; *Harrison v.
McCormick,* 69 Cal. 616.) The information without the
ticket is sufficient. (*People v. Brilliant,* 58 Cal. 214; *Peo-
ple v. Kelly,* 59 Cal. 373; *People v. Ah Bean,* 77 Cal. 15;
*Campbell v. People,* 8 Wend. 636; *Tuttle v. People,* 36 N. Y.
431; *People v. McKinney,* 3 Park. Cr. 510; *Eighmy v. Peo-
ple,* 79 N. Y. 556; *Stratton v. People,* 81 N. Y. 629; *People
v. Grimshaw,* 2 N. Y. Crim. Rep. 390.)

SHARPSTEIN, J. — Appellant was tried and convicted
upon an information charging him with perjury com-

mitted as follows: That on the fourth day of April, A. D. 1890, there was pending and on trial in the police court of the city of Oakland " a certain action and proceeding wherein the people of the state of California were plaintiffs and said Ah Sum was defendant, and said court, having competent jurisdiction to hear, decide, and determine said trial, action, and proceeding according to the laws of the state of California, was then and there fully empowered to administer the law in said trial, action, and proceeding; that it then and there became and was material on said trial, action, and proceeding, to know whether or not the said defendant, Ah Sum, did furnish, sell, and transfer to one John Ferrin, in the city of Oakland, county of Alameda, state of California, on or about the twenty-second day of January, 1890, a certain document, instrument, paper, and lottery ticket in the words and figures following, to wit." A space of about two inches square is occupied by Chinese characters. And then the information proceeds as follows: " And said defendant, Ah Sum, was then and there duly called as a witness on said trial, action, and proceeding, on his own behalf, and said Ah Sum was thereupon duly sworn as a witness by William S. O'Brien, then and there the duly appointed, qualified, and acting clerk of said police court, and an officer then and there authorized by law to administer oaths, and to administer an oath to the said Ah Sum; and then and there, before said William S. O'Brien, in said police court, the said Ah Sum took his corporal oath that the testimony he should give upon the trial of said issue then and there pending in said police court, in said trial, action, and proceeding, should be the truth, the whole truth, and nothing but the truth; and being so sworn, the said Ah Sum did then and there, on said fourth day of April, 1890, in said police court, upon the said trial of said issues, willfully, knowingly, corruptly, falsely, and feloniously, and contrary to said oath, state, testify, and declare under oath, among other things, in substance, as follows, to wit, that he, said Ah Sum, did not, on said twenty-second day of

January, A. D. 1890, at the said city of Oakland, or at any other time or place whatsoever, furnish, sell, and transfer, or furnish or sell or transfer, to and for, or to or for, said John Ferrin, or to and for, or to or for, any other person whatsoever, the said, or any, instrument, document, paper, and lottery ticket, whereas in truth and in fact, as was then and there well known to the said Ah Sum, all of the said testimony and declaration hereinbefore in substance set forth was and is false and untrue, and then and there was material matter to the issues then and there being tried in said police court, as aforesaid, whereby he, the said Ah Sum, did then and there, as aforesaid, feloniously, willfully, knowingly, and corruptly swear falsely, and feloniously commit willful perjury, contrary," etc.

To that information the defendant pleaded not guilty. A trial was had which resulted in a verdict of guilty. Defendant made a motion in arrest of judgment upon all the statutory grounds. The motion was denied, as was also a motion for a new trial, and the court sentenced the defendant to imprisonment in the state prison for the term of eighteen months. This appeal is from the judgment, and order denying the motion for a new trial.

The first point raised by counsel for appellant is, that "the paper or certificate about which appellant is charged with having given false testimony is in the Chinese language. It was capable of translation into English. But instead of translating it, the information contains a photographic copy, without any allegation of its tenor in English."

To one not versed in any language other than the English language, the "certain document, instrument, paper, and lottery ticket" alleged to be in the words and figures set out in the complaint would be wholly unintelligible. An indictment or information must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know

what is intended." (Pen. Code, sec. 950.) An informa-
tion partly in English and partly in Chinese cannot be
said to be in *ordinary* language. The constitution re-
quires judicial proceedings to be conducted, preserved,
and published in no other than the English language.
(Const., art. IV., sec. 24.) Mr. Bishop says: "In some
of our states there are statutes expressly excluding all
languages but the English, and such is clearly the gen-
eral American law." (1 Bishop's Crim. Proc., sec. 342.)
The attorney-general says: "Assuming for the purpose
of the argument, and only for the purpose of the argu-
ment, that a mistake was made by the pleader by insert-
ing in the information in this case the alleged lottery
ticket in question, still, we claim that the setting out of
the alleged original lottery ticket in the manner and
character in which it is set out in the information con-
stitutes an objection to the information, if such an ob-
jection exists at all, on the ground that the information
is 'defective in matter of form' only, and not in matter
of substance."

Who can determine that question without first know-
ing all that it contains? Whether the unknown matter
is a matter of substance, or of form only, cannot be de-
termined until it ceases to be unknown. The allegation
of the information is, that on the trial at which the ap-
pellant is alleged to have committed perjury "it then
and there became and was material on said trial, action,
and proceeding to know whether or not the said defend-
ant, Ah Sum, did furnish, sell, and transfer to one John
Ferrin, in the city of Oakland, county of Alameda, state
of California, a certain document, instrument, paper, and
lottery ticket in the words and figures following, to wit,"
which are said to be words and figures in the Chinese
language, — certainly not in English.

The section of the Penal Code under which the de-
fendant was prosecuted and tried in the police court
reads as follows: "Every person who sells, gives, or in
any manner whatever furnishes or transfers to or for
any other person any ticket, chance, share, or interest,

. . . . in or depending upon the event of any lottery, is guilty of a misdemeanor." (Pen. Code, sec. 321.)

The thing which the defendant is alleged to have sold is alleged to have consisted of certain words and figures set out in the information. On examination of the matter set out as words and figures, we discover no words, and but few figures; nothing to indicate that the thing alleged to have been sold by the defendant to John Ferrin was a lottery ticket. A translation of it might have shown that it was not. And so long as we do not know what it was, we have no right to assume that the selling of it constituted a misdemeanor. If we strike out of the information everything except what is expressed in English, there will remain no allegation of the sale of anything by the defendant to anybody.

The court erred in overruling the motion in arrest of judgment, and for that error the judgment and order appealed from are reversed.

Judgment and order reversed.

De Haven, J., McFarland, J., and Harrison, J., concurred.