[Civ. No. 1075. First Appellate District.—October 18, 1912.]

## LULU G. STEVENS, Respondent, v. T. KOBAYSHI, and S. TAKESHITA, Appellants.

LIBEL—PUBLICATION IN JAPANESE AND CHINESE LANGUAGE—PLEADING—TRANSLATION IN ENGLISH REQUIRED.—In an action for a libel which was published in the Japanese and Chinese language, it is not necessary to set forth the Japanese and Chinese figures or characters employed in the publication thereof. Judicial proceedings in this state are required under section 24 of article 4 of the constitution, to be conducted in the English language; and a correct translation of the libel into the English language is thereby required, alleging it to be such, without requiring a copy of the original to be inserted in the complaint.

ID.—CONSTRUCTION OF CODE PROVISION—"ORDINARY AND CONCISE LANGUAGE."—Under the provision of subdivision 2 of section 426 of the Code of Civil Procedure requiring that "The complaint must contain: . . . 2. A statement of the facts constituting the cause of action, in ordinary and concise language," the English language is intended. The Japanese or Chinese language is not "ordinary language" within the meaning of that provision.

ID.—TRANSLATION—AMBIGUITY IN MEANING OF ONE WORD IMMATERIAL.—When the Japanese word "mekake" may be translated either "mistress" or "concubine," the use of the word "concubine" in rendering that word into English is immaterial, and an objection based on the use of the latter word cannot be sustained.

ID.—CAUSE OF ACTION—PROOF OF USE OF ALL WORDS ALLEGED NOT REQUIRED.—It was not necessary for the plaintiff to prove the use of all the words alleged; but it is sufficient that she proved enough to establish her cause of action against the defendant.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Carl E. Lindsay, for Appellants.

Fitzgerald & Abbott, and Charles A. Beardsley, for Respondent.

KERRIGAN, J.—This is an action for libel. Judgment went for plaintiff. The appeal is from the judgment and from an order denying defendants' motion for a new trial.

The defendants were the publishers of a daily newspaper called *The Japanese-American News.* The complaint alleges that "on the 28th day of January, 1910, said defendants published a certain libel of and concerning the plaintiff, which publication was in Japanese and Chinese figures and characters, and when translated into English reads as follows: '*Now this woman used to be on Harrison Street, a Chinese doctor's concubine;* by no means get Miss Stevens to advise; Miss Stevens surely is no good or worthy of teaching; she is not decent; don't wait to see her; keep away; you will make a mistake to go there; do not let Miss Stevens fool you; there is still more to be found out.' "

Two points are presented for our consideration.

The article was not set forth in the complaint in the language in which it was alleged to have been published; and defendants' first point is that their demurrer, based upon that ground, should have been sustained.

There is no merit in this position. "Judicial proceedings shall be conducted and preserved . . . in no other than the English language. (Const., art. IV, sec. 24.) Subdivision 2 of section 426 of the Code of Civil Procedure requires that a "complaint must contain . . . a statement of the facts constituting the cause of action in ordinary and concise language." The Japanese or Chinese language is not ordinary language within the meaning of that provision. (See, also, Pen. Code, sec. 950; *People* v. *Ah Sum,* 92 Cal. 648, [28 Pac. 680]; 31 Cyc. 78.)

In 1 Abbott's Trial Brief, p. 460, the author states the law as follows: "An instrument in a foreign language may be pleaded by using, instead of a copy of the original, a correct translation, alleging it to be such."

In *Christenson* v. *Gorsch,* 5 Iowa, 374, it is said: "The pleadings in courts should be in the English language; and in declaring upon a contract in German it is not necessary to attach a copy in such foreign language." While it may not, according to *Lambert* v. *Blackman,* 1 Blackf. (Ind.) 59, satisfy the practice requiring a literal copy, it is still equivalent to pleading the legal effect.

In *Butts* v. *Long,* 94 Mo. App. 687, [68 S. W. 754], it is held that it is sufficient to recite the English meaning of the foreign language alleged to be slanderous.

The translation admitted in evidence differed in some respects from the translation of the published matter alleged in the complaint; and defendants assert that their objection based on that difference should have been sustained. The only portion of the published article relied upon by the plaintiff was the part in italics, and the only difference between this portion and the corresponding portion of the translation admitted in evidence was that in the one case the word "mistress" was used, and in the other the word "concubine" was employed; but as the evidence further disclosed that this difference arose from the translation of the Japanese word "mekake," which might be rendered in either manner, the point cannot be held well taken.

It was not necessary for the plaintiff to prove all the words alleged. She proved enough to establish her cause of action, and that is sufficient. (25 Cyc. 444, 447; Townsend on Libel and Slander (4th ed.), sec 365; *Fleet* v. *Tichenor,* 156 Cal. 343-345, [34 L. R. A. (N. S.) 323, 104 Pac. 458] ; *Carpenter* v. *Ashley,* 16 Cal. App. 302, [116 Pac. 983].)

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.