[Crim. No. 464.   Second Appellate District.—June 1, 1916.]

## THE PEOPLE, Respondent, v. JACK RIZOTTO, Appellant.

CRIMINAL LAW—EXTORTION—SENDING OF THREATENING LETTER—WRITING IN FOREIGN LANGUAGE—INFORMATION AND EVIDENCE—MATERIAL VARIANCE.—In a prosecution for sending a threatening letter with intent to extort money and property, there is a fatal variance in the allegations of the information and proof received in support thereof, where the letter was written in the Italian language and the information set out the same as being in the English language, without any averment acquainting the defendant with the fact that the letter was written in the former language.

ID.—EVIDENCE—FOREIGN DOCUMENT—WHEN INADMISSIBLE.—Where an information is in fact based upon an instrument in a foreign language, which in the information is alleged to have been "in the words and figures following," followed by an English translation thereof, without disclosing the foreign origin of the document or the fact that the copy set out is a translation thereof, the original is not admissible in evidence as proof of such allegation.

ID.—PLEADING OF FOREIGN DOCUMENT.—In such a prosecution, where the pleader is not content with the statement of the legal effect of a foreign document, it is not only the custom, but sufficient to allege, that it is in the foreign language adopted, a correct translation of which is as follows, setting the same out according to its English meaning.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Carter & Torchia, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Section 523 of the Penal Code provides that, "Every person, who with intent to extort any money or other property from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in section five hundred and nineteen, is punishable in the same manner as if such money or property were actually obtained by means of such threat." And section 519 of the Penal Code provides that "Fear, such as will constitute extortion, may be induced by a threat, either: 1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his, or member of his family; . . . "

By an information filed by the district attorney defendant was charged with the offense defined by said section 523 of the Penal Code, in that, with intent to extort money and property from one Dominick Lauricella, he sent him "a certain letter and writing, which said letter and writing did then and there express and imply and was adapted to imply a threat to do an unlawful injury to the person and property of the said Dominick Lauricella, which said letter and writing was then and there and is in the words and figures following, to' wit:

"Long Beach, July 5, 1915.

"Dear Friend:

"This day I tell you to bring One Thousand Dollars of which you know, at one o'clock you will take the road to Anaheim and look for an electric pole. You will find one with Number L20072 and there will be also the number of your house. Near to the pole you will find a pepper tree with a hole in it, and near to that pepper tree there is a can. Therefore, you will put the money in that can, and you will cover the same. You know very well what will happen to you if you don't do as we tell you and that is enough."

At the trial, after showing that Lauricella had received through the postoffice a letter written in the Italian language, the people, over defendant's objection, were permitted to introduce such letter in evidence, followed by evidence of a translation thereof which, while widely different in words, in substance was the same as that set out and alleged in the information.

Appellant justly insists there was a fatal variance in the allegations of the information and proof so received in support thereof. "It is said by Wharton that when an indictment undertakes to set forth a document *in haec verba,* or according to its 'tenor,' or 'as follows,' or 'in words and figures following,' then any variance as to the words of the document, unless such variance be a mere fault of spelling, is material." (*People* v. *Phillips,* 70 Cal. 61, [11 Pac. 493].) There was nothing whatsoever in the information calculated to acquaint defendant with the fact that the letter which he was charged with sending to Lauricella was written in the Italian language. On the contrary, it was expressly and directly alleged, not only that it was in the English language, but the words and figures thereof were set out therein. Where the information, as here, is in fact based upon an instrument in a foreign language which in the information is alleged to have been "in the words and figures following," followed by an English translation thereof, without disclosing the foreign origin of the document or the fact that the copy set out is a translation thereof, the original is not admissible in evidence as proof of such allegation. (Townshend on Slander and Libel, sec. 330; *Stichtd* v. *State,* 25 Tex. App. 420, [8 Am. St. Rep. 444, 8 S. W. 477]; Wharton's Criminal Evidence, 10th ed., sec. 114a.) Where the pleader is not content with the statement of the legal effect of such instrument, it is not only the custom, but sufficient to allege, that it is in the foreign language adopted, a correct translation of which is as follows, setting the same out according to its English meaning. (*People* v. *Ah Woo,* 28 Cal. 205; *Stevens* v. *Kobayshi,* 20 Cal. App. 153, [128 Pac. 419].) Otherwise a defendant suffers prejudice, since, as here, before trial he was not informed that he would be called upon to defend himself upon a charge of sending a communication other than in the language with which he is charged. It would be unfair toward a defendant charged with sending a threatening letter in the English language, a copy of which is set out *in haec verba* in the information, to establish such fact by proof that it was a translation of Egyptian hieroglyphics or some secret code, without apprising him that the charge was based upon such code characters from which the letter set out purported to be deciphered. The rule invoked is not one of construction of the document so pleaded, but one of identity and description;

and in the absence of appropriate allegations, there is nothing in the information under which the letter received in evidence was admissible. There was a fatal and material variance in the allegation and proof offered in support thereof.

The appeal prosecuted by defendant is from the judgment and an order denying his motion for a new trial, both of which are reversed.

Conrey, P. J., and James, J., concurred.