# REPORTS

OF

## CASES ARGUED AND DETERMINED

### AT JANUARY TERM, 1851.

~~~~~~~~~~~~~~~~

## NICHOLSON *vs.* THE STATE.

1. The time when the coin, of which a counterfeit is uttered and published, was current by law, usuage or custom in this State, is a material ingredient in the offence denounced by our statute, and should be distinctly stated in the indictment.

ERROR to the Circuit Court of DeKalb. Tried before the Hon. Thos. A. Walker.

THE defendant was indicted for uttering and publishing as true a counterfeit half dollar, and being convicted, moved in arrest of judgment, for defects apparent upon the face of the indictment, which motion was overruled by the court below, and certified to this court as novel and difficult.

No counsel for the plaintiffs in error.

ATTORNEY GENERAL, for the State:

1. The indictment was good, and the motion in arrest of judgment should have been refused. The fact that the words "to inquire for the body of DeKalb county," were omitted in the indictment, do not vitiate it.—The State v. Nixon, 18 Verm. 70; (3 Washb.)

2. The coin is sufficiently described in the indictment.—Clay's

Dig. 423, § 45, and see 49; Rev. Stat. Mass. Ch. Rep. 127, § 15;·State v. Stearns, 10 Metc. 256.

3. It was unnecessary to set out in the indictment to whom the counterfeit piece was uttered. In indictments for passing and putting off counterfeit coin, it may be necessary to aver the person to whom the same was passed.—See 1 East. P. C., 180; 1 Russ. on Crimes, 81. But for uttering and publishing, which is different, it is unnecessary.—Com. v. Searle, 2 Binn. 332-9; Com. v. Smith, 6. S & R. 569, (as to indictment.)

PARSONS, J.—The motion to arrest the judgment was over-ruled, but the judge reserved several questions, as novel and difficult, relative to the sufficiency of the indictment, for the revision of this court, according to the act.—Clay's Dig. 469, § 1. There was a bill of exceptions in the case, but as there was no writ of error, we are confined to the questions reserved and refered to us as novel and difficult.

The plaintiff in error was indicted upon the 4th chapter of the penal code, §§ 45-9, for having uttered and published as true a counterfeit half dollar of the similitude of the current coin. It is enacted by section 45, that every person convicted of having counterfeited any of the gold or silver coin which shall be, at the time, current by law, usage or custom, within this State, shall be deemed guilty of forgery in the second degree. By section 49 it is enacted, among other things, that every person convicted of having uttered and published as true, and with intent to defraud, any counterfeit gold or silver coin, the counterfeiting of which is declared by the same chapter to be an offence, knowing such coin to be counterfeited, shall suffer, &c.

The time when the coin counterfeited was current by law, usuage or custom, within this State, is an ingredient in the offence. That being clear from the two sections taken together, it should have been distinctly stated in the indictment. The indictment states that the plaintiff in error, on the 15th day of June 1848, in the county aforesaid, had in his custody and possession the piece of false coin, forged &c., to the likeness, &c., of the good and legal coin, current within the limits of this State, by the laws and usages thereof, called a half dollar. The time when the good and legal coin was current, &c., and which was counterfeited, is not stated, by adding the words then and there

or otherwise. The settled doctrine is, that time and place must be added to every material fact in an indictment—thus if in an indictment for murder, it be stated that J. S. at such a time and place, having a sword in his right hand, did strike J. N., &c., it is insufficient, for the time and place laid relate to the having the sword and consequently it is not said when or where the stroke was given. This is the rule in cases of felony, but it has been relaxed in misdemeanors, for it is sufficient for them that time and place be added to the first act, and it will be construed equally to refer to all the ensuing acts.—Archbold's Crim. Pl., 37-8, and authorities there cited. In Regina v. Richmond, 1 Car. & Kirwan, 240, the indictment which, like the one before us, was on a statute, charged that the prisoner, on &c., at &c., feloniously had in his possession a mould "upon which said mould was made and impressed the figure and apparent resemblance" of the obverse side of a six pence; the indictment was held bad on demurrer, as not sufficiently showing that the impression was on the mould at the time when the prisoner had it in his possession, but a fresh indictment with the words "then and there" before the words "made and impressed," was held good.

We are satisfied that the indictment is defective and that the motion in arrest of judgment should have been sustained, and therefore, the judgment is reversed, and the cause remanded. The clerk will make the usual entry. It was necessary to consider but one point, as that was fatal to the indictment. But it is not alleged that the act was done feloniously, nor stated that the coin counterfeited was gold or that it was silver. These omissions need not occur in the proceedings in the case hereafter.