## STATE *versus* THURSTIN.

In an indictment, every material fact necessary to constitute the offence charged, must be set forth with certainty as to the time.

An indictment against a man for adultery, is unsustainable if it neither charge that he was a married man or that the female, at the time when the offence was alleged to have been committed, was a married woman.

An indictment was found in October, 1852, charging, that the defendant on the 25th of March, 1851, committed the crime of adultery with E. W. the wife of S. H. W., she being a married woman and the lawful wife of said S. H. W.; — *Held,* that the indictment did not sufficiently allege that she was a married woman, when the alleged offence was committed.

ON REPORT from *Nisi Prius*, WELLS, J., presiding.

INDICTMENT found at the Oct. term, 1852, for the crime of adultery. It charges that the defendant, at Avon, " on the 25th day of March, 1851, did commit the crime of adultery with one Emeline Whitehouse, the wife of one Solomon H. Whitehouse, she, the said Emeline Whitehouse, being a married woman, and the lawful wife of him the said Solomon H. Whitehouse."

Upon the opening of the case for trial, the defendant's counsel objected to the sufficiency of the indictment. If the Court shall be of opinion, that the indictment is sufficient, the case is to stand for trial; otherwise a *nolle prosequi* is to be entered.

*May,* for the defendant.

The indictment attempts to charge adultery, but fails to allege that crime. It no where charges, that the defendant was a married man. Nor does it charge, that, *at the time of*

*committing the alleged offence,* Emeline Whitehouse was a married woman.

The allegation that she was a married woman, relates to the time of finding the indictment, at which time she may perhaps have been the married wife of Solomon H. Whitehouse, though nineteen months before, viz. on the 25th of March, 1851, she was unmarried. *State* v. *Godfrey,* 24 Maine, 232; *State* v. *Philbrook,* 31 Maine, 401; *Moore* v. *Commonwealth,* 6 Metc. 243; *Commonwealth* v. *Reardon,* 6 Cush. 78.

*Evans, Attorney General,* for the State.

HOWARD, J. — Every material fact which serves to constitute the offence charged, should be alleged and set forth in the indictment, with precision and certainty as to time and place. A general averment that the accused had committed a particular crime named, without more specific allegations, would be insufficient. But after the time has been stated with certainty, it may be referred to, in respect to other facts alleged, by the terms *then* and *there,* without being repeated. 2 Hale, P. C. 178; Hawk. b. 2, c. 25, § 78, and c. 23, § 88; 1 East, P. C. 346; 1 Chitty, C. L. 181–2.

In this case, the fact of committing the crime of adultery, at a certain time and place, with Emeline Whitehouse, is first alleged against the accused; but to the fact that she was a married woman, and the wife of another, no time is averred, nor is there a reference, to the certain time before stated, by the words *then* and *there,* or any equivalent terms. Although we can readily suppose what was intended by the averments, yet, in criminal pleading, nothing can be taken by intendment. The allegation, " *being* a married woman, and the lawful wife of Solomon H. Whitehouse," has reference to the time of finding the indictment, and not to the time of the offence, in strictness of criminal law. *Bridge's case,* Cro. James, 639; 2 L'd Raym. 1467; 2 Chitty, C. L. 181. The indictment is, therefore, insufficient.

SHEPLEY, C. J., and TENNEY, WELLS and APPLETON, J. J., concurred.