[Filed February 6, 1888.]

# THE STATE OF OREGON, RESPONDENT, *v.* KENNETH McLENNEN, APPELLANT.

CRIMINAL LAW—INDICTMENT. — An indictment which charged, . . . . 'did, on, etc., at, etc., unlawfully and feloniously assault one M., with a revolver, loaded with powder and ball, by shooting him, said M., in and upon the body, and by shooting at him, the said M., all with the intent to kill him, the said M., with the said revolver, a dangerous weapon which he, said K. McL., then and there held in his hand, being then and there within shooting distance of him, said M.," will sustain a conviction for being armed with a dangerous weapon, and assaulting another with such weapon.

APPEAL from Wasco County.  Affirmed.

*Bennett & Wilson,* for Appellant.

*Ramsey & Bingham,* for the State.

STRAHAN, J.—The defendant was convicted of the crime of "an assault with a dangerous weapon," upon an indictment, the charging part of which is as follows: "The said Kenneth McLennen did, on the sixth day of March, 1887, in the county of Wasco, and State of Oregon, unlawfully and feloniously assault one Thomas Moran with a revolver loaded with powder and ball, by shooting him, the said Thomas Moran, in and upon the body, and shooting at him, the said Thomas Moran, all with the intent to kill him, the said Thomas Moran, with the said

revolver, a dangerous weapon which the said Kenneth McLennen then and there held in his hand, being then and there within shooting distance of him, the said Thomas Moran, contrary to the statute," etc.

Upon the trial the jury returned the following verdict:

"We, the jury in the above-entitled action, find the defendant guilty of the crime of an assault with a dangerous weapon.

                    "B. W. McINTOSH, Foreman."

The defendant moved to set aside the verdict, because it was against law, but the court overruled the motion, and sentenced the defendant to imprisonment in the penitentiary of Oregon for the term of one year, from which judgment he has appealed to this court.

The only question presented or argued on this appeal was whether or not this conviction could be sustained. The indictment is drawn under section 1740 of Hill's Code, which provides "that if any person shall assault another with the intent to kill, rob, or to commit a rape upon such other, . . . . such person upon conviction thereof shall be punished," etc. The jury evidently aimed to convict the defendant of the crime defined in section 1744 of Hill's Code. That section provides: "If any person being armed with a dangerous weapon shall assault another with such weapon, such person upon conviction thereof shall be punished," etc. "An assault is any unlawful physical force, partly or fully put in motion, creating a reasonable apprehension of immediate physical injury to a human being, as raising a cane to strike him, pointing in a threatening manner a loaded gun at him, and the like." (2 Bishop on Criminal Law, § 23.) Or an assault is thus more tersely defined by Wharton: "An assault is an intentional attempt to do an injury to another." (2 Wharton's Criminal Law, § 1241.)

Under section 1740, *supra*, the offense made punishable is compounded, and consists of two elements: (1) An assault; and (2) the intent to kill. Under section 1744, *supra*, the offense is also a compound one, the elements being: (1) That the defend-

ant was armed with a dangerous weapon; (2) that he assaulted another with such weapon.

If the intent with which the assault is alleged to have been made were stricken out of this indictment, or if it were rejected as surplusage, the indictment would still contain enough to constitute an offense under section 1744.

In such case no sufficient reason is perceived why the conviction ought not to be sustained, or that it violates any principle of law. Such, it is believed, has been the general practice in this State ever since the adoption of the Code of Criminal Procedure. Nor are authorities wanting to sustain this practice. In *State* v. *Robey*, 8 Nev. 312, it was held that an indictment for an assault with an intent to kill by shooting with a shot gun loaded with bullets would sustain a conviction for an assault with a deadly weapon with the intent to inflict a bodily injury. So in *State* v. *Collyer*, 17 Nev. 275, it was held that an indictment for "an assault with intent to kill" was sufficient to sustain a conviction for "an assault with a deadly weapon with the intent to inflict bodily injury." So, also, in *Territory* v. *Conrad*, 1 Dakota, 363, it was held that an indictment for an assault with intent to kill, by shooting with a pistol, would sustain a conviction for "an assault with intent to do bodily harm, and without justifiable and excusable cause." So in *State* v. *Delaney*, 28 La. An. 434, the defendant was indicted for "stabbing with a dangerous weapon to commit murder." The jury found him guilty of "an assault with a dangerous weapon and inflicting wounds less than mayhem," and the conviction was sustained, the court saying: "And it would seem the verdict is responsive to the indictment. In the indictment the accused is charged with assaulting and inflicting a wound with intent to murder; by the verdict he is convicted of assaulting and inflicting a wound *without* the intent charged. In the greater offense the intent is to kill; in the smaller offense the intent to kill is wanting. The offense for which he is convicted is included in the one charged in the indictment." Other authorities are to the same effect. (*Dickenson* v. *Commonw.* 2 Bush, 1; *State* v. *Bowling*, 29 Tenn. 52; *Gardenhin* v. *State*, 6 Tex. 347; *Clark* v. *State*,

12 Ga. 350; *Stewart* v. *State,* 5 Ohio, 242; *Foley* v. *State,* 9 Ind. 363; *State* v. *Stedman,* 9 Port. 495; *Reynolds* v. *State,* 11 Tex. 120; *McBride* v. *State,* 7 Ark. 374; *State* v. *Kennedy,* 7 Black, 233; *Commonw.* v. *Walsh,* 132 Mass. 8.)

We have no doubt that the verdict is responsive to the indictment, and that the offense for which the defendant was convicted is included in the indictment.

The judgment of the court will therefore be affirmed.