THE STATE v. MAGUIRE, *Appellant*.

Division Two, January 31, 1893.

1. **Criminal Law**: ASSAULT WITH INTENT TO KILL: INDICTMENT. An indictment which charges that defendant in and upon one W. feloniously, etc., did make an assault, and with a certain weapon, to-wit, a pistol loaded, etc., feloniously, etc., did shoot off, at, against and upon said W., giving him, the said W., in and upon the body of him, the said W., with the pistol aforesaid, one wound, with intent him, the said W., feloniously, etc., to kill, sufficiently charges an assault and wounding with an intent to kill.

2. ———: ———: EVIDENCE. On the trial of a defendant for feloniously assaulting a police officer, evidence that defendant had, previous to the assault, complained to a turnkey of the police department against the officer, the latter not being present, is not admissible.

3. ———: PRACTICE: DEFENDANT AS WITNESS: INSTRUCTION. It is proper, on a criminal trial, to instruct the jury, "that defendant is a competent witness in his own behalf, but the fact that he is a witness testifying in his own behalf, and the interest he has at stake in the cause, may be considered by the jury in determining the credibility of his testimony."

4. ———: ———: INSTRUCTIONS. While it is the duty of the court, under Revised Statutes 1889, section 4208, to instruct the jury in writing upon all questions of law arising in the case which are necessary for their information, where the evidence discloses a case of malicious assault with intent to kill or a perfect right of self-defense, the court should not instruct for a lower grade of assault than is shown by the evidence.

*Appeal from St. Louis Criminal Court.*—HON. JAS. C. NORMILE, Judge.

AFFIRMED.

*Chas. T. Noland, Chas. P. Johnson* and *Thos. B. Harvey* for appellant.

(1) The indictment should have been quashed. It only alleges that the wound was given "with the pistol

aforesaid." *State v. Green*, 111 Mo. 585; *State v. Blan*, 69 Mo. 317; *State v. Burns*, 99 Mo. 542, ·dissenting opinion of Judge SHERWOOD. (2) The court should not have singled out the testimony of the defendant and specially charged the jury upon its weight. Such was a prohibited trespass upon the exclusive province of the jury. *Muely v. State*, 19 S. W. Rep. (Tex.) 915; *State v. Young*, 99 Mo. 666–676, the dissenting opinion of Judge SHERWOOD; Revised Statutes, sec. 4220. (3) The fact that defendant recently before the difficulty had lodged with the captain of police a report of misconduct of his subordinate officers,—the prosecuting witnesses—and the further fact that said officers had been informed before the difficulty of said report having been made against them by the defendant, are competent as proof of the *animus* or motive of the prosecuting witness, who, by defendant's plea of self-defense, is charged with being the aggressor in the fight. Proof of motive is always admissible. Wharton's Criminal Evidence [9 Ed.] sec. 784, and citations; 1 Bishop on Criminal Procedure [3 Ed.] secs. 1108, 1109; Stephens' Digest of Law of Evidence [Chase's Ed.] p. 13; *Schemmer v. State*, 51 N. J. Law, 29; *Hunter v. State*, 11 Vroom. 495; *People v. Shea*, 8 Cal. 538; *State v. Jackson*, 95 Mo. 652; *State v. Nugent*, 71 Mo. 136; *State v. Forsythe*, 89 Mo. 667; *State v. Mounce*, 106 Mo. 226. (4) The evidence in the case demanded an instruction for assault to kill without malice. *State v. Branstetter*, 65 Mo. 149; *State v. Banks*, 73 Mo. 592; *State v. Palmer*, 88 Mo. 568; *State v. Elliott*, 98 Mo. 150; *State v. Young*, 99 Mo. 675; *State v. Melton*, 102 Mo. 683; *State v. King*, 111 Mo. 576; *State v. Crabtree*, 111 Mo. 136. And it was the duty of the court to instruct for the lower grade, although not requested to do so by the defendant. *State v. Stonum*, 62 Mo. 596; *State v. Branstetter, supra*.

*John M. Wood*, Attorney General, and *Ashley· C. Clover*, Circuit Attorney, for the State.

(1) The indictment is sufficient. Though perhaps obnoxious to criticism from the standpoint of the rhetorician or grammarian, it cannot be said that the meaning is thereby rendered so obscure as not sufficiently to advise defendant of the crime with which he is charged. *State v. Turlington*, 102 Mo. 642; *State v. Elvins*, 101 Mo. 243. (2) The testimony offered through the witness McDonald was clearly incompetent, *first*, being a self-serving statement of the defendant, and, *second*, relating to an entirely different transaction from that in issue. It was not undertaken to show Walsh had made any previous threats against appellant, nor that any allusion to the complaint of appellant was made during the encounter in issue. (3) While it is obligatory upon the court to instruct the jury upon all questions of law arising in the case which are necessary for their information, it is not necessary to coax juries into verdicts by giving them an opportunity to compromise on a small punishment. In a prosecution under Revised Statutes, sec. 3489, where the evidence shows that the defendant either acted in self-defense or with malice aforethought, instruction should not be given for a lower grade of assault. *State v. Robb*, 90 Mo. 30. In this case the evidence on the part of the state showed that defendant stepped up to Walsh and shot him without the slightest provocation. The evidence on the part of the defense showed that Walsh had beaten defendant without the slightest provocation, was advancing upon him with uplifted club and saying "God damn you, I'll kill you!" when defendant, retreating, fired.

GANTT, P. J.—The defendant was indicted at the January term, 1890, of the St. Louis criminal court

for an assault with intent to kill, under section 3489 of the Revised Statutes of 1889. He was convicted and sentenced to imprisonment in the penitentiary for three years.

I. The first error complained of is the refusal to quash the indictment because it did not charge an offense, in that it failed to allege defendant shot the prosecuting witness with a pistol.

After the formal commencement. the indictment charged that Edward Maguire in and upon one Philip Walsh, feloniously, wilfully, on purpose and of his malice aforethought did make an assault "and the said Edward Maguire with a certain weapon, to-wit, a pistol, loaded with gunpowder and leaden balls, then and there feloniously, wilfully, on purpose and of his malice aforethought, did shoot off, at, against and upon the said Philip Walsh, then and there giving to the said Philip Walsh, in and upon the body of him, the said Philip Walsh, with the pistol aforesaid, one wound, with the intent then and there him, the said Philip Walsh, feloniously, wilfully, on purpose and of his malice aforethought, to kill, contrary to the statute," etc.

The indictment is sufficient. It sufficiently shows an assault and wounding with a loaded pistol, which was shot off by defendant at the officer, Walsh, with the malicious purpose of killing him.

II. The defendant assigns as error the refusal to permit him to prove by one Edward J. McDonald, a turnkey in the police department, that a few days previous to the shooting, defendant had complained to him against the officers Walsh and Cox, neither of whom were present at the time. There was no error in excluding these self-serving statements of the defendant. One is not permitted to make testimony for

himself in this manner. Moreover it related to an entirely different transaction from that in issue. There is not a word of evidence showing that any one referred to this complaint during the encounter in which defendant shot Walsh. *State v. Musick*, 101 Mo. 260.

III. The court gave a correct instruction on the right of the jury to judge of the credibility of witnesses and concluded it by this instruction: "The defendant is a competent witness in his own behalf but the fact that he is a witness testifying in his own behalf and the interest he has at stake in this cause, may be considered by the jury in determining the credibility of his testimony." This instruction has been repeatedly approved in this court. *State v. Young*, 105 Mo. 634: *State v. Cook*, 84 Mo. 40.

IV. The evidence on the part of the state tended to prove that Philip Walsh, a policeman of the city of St. Louis, who had been on the force seventeen years, was walking beat number two on the night of November 11, 1889; that officer Cox of the adjoining beat was in company with him, and together they were walking on the east side of Broadway until they reached Florida street. Then they saw Maguire and one Croak on the south side of Florida street. Croak had a can of beer in his hand. Walsh said to Croak: "Are you going to *can* on the sidewalk?" He answered, "no," he was going in the yard. The officer said. "All right." Maguire, the defendant, then came up and asked, "Is your name Walsh?" He replied, "Yes." Maguire immediately drew a pistol from his pocket and shot Walsh in the mouth, knocking out three teeth. The officer fell. Officer Cox attempted to arrest defendant and was also shot by him. Both officers insist that no provocation whatever was given by officer Walsh for the shooting.

On the part of defendant, Croak and defendant testified, that without any provocation whatever Walsh commenced cursing Maguire and clubbing him over the head and shoulders, and, when asked to desist, swore he would kill defendant, and that under this extreme punishment defendant shot the officer.

Under these circumstances the court instructed the jury as to what constituted an assualt with intent to kill with malice aforethought and on purpose, under section 3489 of Revised Statutes, and on the right .of self-defense. No instruction was asked by defendant, or given by the court, for a lower grade of assault. And it is now insisted the court erred in not so instructing.

Section 4208 requires the court to instruct the jury in writing upon all questions of law arising in the case which are necessary for their information. This court has held that it is the duty of the trial judge to so instruct whether requested or not. But it has not held that it is necessary for a trial court to define all the grades of offenses, without regard to the evidence. Hence, it has often been held it was not error to refuse or neglect to instruct upon murder in the second degree when the facts disclosed a case in which defendant was either guilty of murder in the first degree or was innocent.

In *State v. Doyle*, 107 Mo. 36, upon a trial upon an indictment under this identical section, this division held, that where the defendant did not deny an intentional shooting with a deadly weapon, but relied upon his right of self-defense, it was not error to.refuse to charge upon lower grades of assault; that, according to his own evidence, defendant was either guilty of assault with malice aforethought and on purpose or he was justified on the ground of self-defense. *State v. Schloss*, 93 Mo. 361; *State v. Musick*, 101 Mo. 260.

The facts in this case disclose either a wanton, malicious assault with intent to kill an officer of the law without any provocation, or a perfect right of self-defense against a brutal attack by said officer without justification or provocation. The court properly left it to the jury to determine the truth of the matter, and they have said the former was true. If so, a case was made under section 3489, and there was nothing to justify the court in referring to any lower grade of the offense.

The defendant was fairly tried and the judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.