Argued 3 March; decided 24 March, 1902.

## STATE *v.* KELLY.

[68 Pac. 1.]

CRIMINAL INFORMATION—ALLEGATION OF VENUE.

1. Where an information for assault with intent to kill charged that accused on a certain date, in a certain county, "then and there being armed with a dangerous weapon, did then and there feloniously assault one L with such dangerous weapon," is sufficiently definite in its allegations of time and place; for the phrase "then and there being armed" refers quite clearly to the date of the offense, and not to the date of the information.

CRIMINAL INFORMATION—ACTS CONSTITUTING THE OFFENSE.

2. Within the meaning and fair construction of Hill's Ann. Laws, § 1268, subd. 2, requiring informations and indictments to state the acts constituting the offense in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended, an information giving the date and place of the alleged offense, and stating that accused "did then and there unlawfully and feloniously assault one L with a dangerous weapon, with intent to kill" him, sufficiently states the facts, and does not state merely a conclusion of law.

ASSAULT WITH INTENT TO KILL—ALLEGATION OF INTENT.

3. In an information charging an assault with intent to kill it is not necessary in Oregon to allege that the act was purposely and maliciously done, or that it was done with premeditation or with malice aforethought, whatever the rule may be elsewhere: *State* v. *Lynch,* 20 Or. 389, followed.

HARMLESS ERROR.

4. Where a party was convicted of an assault with a dangerous weapon, a charge that he might be convicted of a simple assault was nonprejudicial, if erroneous.

VERDICT OF LESSER OFFENSE THAN THAT CHARGED.

5. Where defendant, in a prosecution upon an information charging assault with a dangerous weapon with intent to kill, admitted the assault, and sought to justify his act on the ground of self-defense, the jury are not restricted to a verdict of guilty as charged or not guilty, but may find defendant guilty of an assault with a dangerous weapon, without intent to kill.

From Marion: GEORGE H. BURNETT, Judge.

John Kelly has appealed from a conviction of an assault with a dangerous weapon.      AFFIRMED.

For appellant there was a brief over the names of *M. E. Pogue, J. A. Jeffrey,* and *R. J. Fleming,* with an oral argument by *Mr. Pogue,* and *Mr. Jeffrey.*

For the state there was a brief over the names of *Julius Newton Hart,* District Attorney, and *John H. McNary,* with an oral argument by *Mr. McNary.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a criminal prosecution on an information of the district attorney. The defendant was charged with the crime of assault with intent to kill, and convicted of an assault with a dangerous weapon. The charging part of the information is as follows: "The said John Kelly on the 15th day of June, 1901, in the County of Marion and the State of Oregon, then and there being armed with a dangerous weapon, to wit, a pistol loaded with powder and ball, did then and there unlawfully and feloniously assault one Frank Lambert with said dangerous weapon, with intent him, the said Frank Lambert, to kill with said dangerous weapon, by then and there unlawfully and feloniously shooting and wounding the said Frank Lambert, contrary to the statutes," etc. After the verdict the defendant moved for a judgment of acquittal, and it is now contended (1) that the information is insufficient to charge the crime of an assault with intent to kill; and (2) that, the shooting having been admitted by the defendant, and he having sought to justify the act on the ground of self-defense, but one of two verdicts could have been found, namely, guilty as charged or not guilty. Touching the insufficiency of the information it is urged (a) that the venue is not sufficiently laid, for that the words "then and there being armed," etc., refer to the date of the information, and not to the time the act is alleged to have been committed; (b) that the acts constituting the alleged assault are not sufficiently stated, being, as stated, a mere conclusion of law, and because the words "shooting and wounding the said Frank Lambert" qualify and attend the words "to kill," rather than the allegation of assault; and

(c) that it is not alleged that the assault was purposely and maliciously done. Of these in their order.

1. It is usual, and perhaps requisite, that the time and place should qualify or be added to every alleged fact in an information or indictment for felony: *Nicholson* v. *State*, 18 Ala. 529 (54 Am. Dec. 168); *State* v. *Thurstin*, 35 Me. 205 (58 Am. Dec. 695). The information herein comes up to the full measure of the law. "Then and there being armed with a dangerous weapon" refers indisputably to "the 15th day of June, 1901." This is evidently the date upon which it is alleged the crime was committed, as it is subsequently averred that he "did then and there unlawfully and feloniously assault," referring back to the same language, fixing the day as its antecedent; so that the specific objection is not well taken.

2. The second criticism is also without efficacy. The manner of the assault is alleged as being "with said dangerous weapon, with intent to kill," etc., "by then and there unlawfully shooting and wounding said Frank Lambert." The statute requires a statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended: Hill's Ann. Laws, subd. 2, § 1268. Measured by this standard, the indictment is not open to this criticism: *People* v. *Ah Woo*, 28 Cal. 205.

3. The next objection is fully met by former decisions of this court: *State* v. *Doty*, 5 Or. 491; *State* v. *Lynch*, 20 Or. 389 (26 Pac. 219). By these the court is committed to the doctrine that it is unnecessary, in an indictment for a like offense to that charged herein, to allege that the act was purposely and maliciously done, or with premeditation or malice aforethought. In the latter case the majority of the court felt bound solely upon the ground of *stare decisis*, referring to the former; at the same time suggesting that it was not supported by the better authority. We are bound upon the same principle, if by none other, and do not feel warranted in disturbing the precedent.

4. This brings us to the second contention. It has been de-

termined that a person charged under Section 1740, Hill's Ann. Laws, with an assault with an intent to kill, may be convicted under section 1744 of an assault, being armed with a dangerous weapon: *State* v. *McLennen,* 16 Or. 59 (16 Pac. 879). In the case at bar, however, the defendant admitted the assault, and sought to justify his act upon the ground of self-defense. He testified in his own behalf that, while he and Lambert were sitting on the steps of a store, Lambert commenced quarreling with him, and thereupon assaulted him viciously, by catching him by the shoulder with one hand and striking him in the face with the other, knocking him off the steps; that he immediately arose and started to his buggy, and, in order to avoid passing in front of or near Lambert, passed out into the street, and around a tree standing at the edge of the sidewalk, at the same time asking Lambert why he struck him; that Lambert answered, "I'll kick the lungs out of you," coupling it with an epithet, whereupon he drew his pistol and pointed it at Lambert, saying, "If you hit me again, I will shoot you;" that Lambert said, "Shoot," accompanying it with violent language, at the same time rushing at him with his left hand extended, and his right hand in his hip pocket. Another witness testified that the shot was fired when Lambert was advancing rapidly towards the defendant, the ball taking effect in Lambert's face. The court instructed the jury that they could find one of four verdicts: Assault as charged in the indictment, assault with a dangerous weapon, an assault only, or not guilty. It is maintained that the court erred in this instruction, and that the verdict should be either guilty as charged or not guilty, and that, having found the defendant guilty of an assault with a dangerous weapon,—a lesser offense of the same grade,—it was tantamount to an acquittal of the higher offense, and therefore that he should be discharged. We will not attempt to determine whether there was error in charging that the jury might find for an assault only, for, if there was, it was favorable to the defendant, he being convicted of a graver crime, and a reversal of the judgment could not be predicated thereon.

5. The elements entering into the two crimes of assault with intent to kill, and an assault, being armed with a dangerous weapon, are aptly analyzed in *State* v. *McLennen,* 16 Or. 59 (16 Pac. 879). In the first there must be an assault coupled with an intent to kill; and in the latter the defendant must be armed with a dangerous weapon, and the assault made therewith. Now, an assault is an intentional attempt to do injury to another: 2 Wharton, Cr. Law (7 ed.), § 1241. So that an assault with a dangerous weapon is an intentional attempt to do injury to another with such weapon, and the element of intent attends the offense. We have therefore in the one case an intent to kill, and in the other an intent to do injury with the weapon used, and it was pertinent for the jury to determine with what intent the assault was made, it being admitted that it was made with a dangerous weapon; and it therefore follows that the court properly instructed them that they might find the defendant guilty of an assault with a dangerous weapon. The cases cited and relied upon by defendant do not seem to support his position as applied to a case like this. The most pertinent are *State* v. *Doyle,* 107 Mo. 36 (17 S. W. 751) ; *State* v. *Maguire,* 113 Mo. 670 (21 S. W. 212) ; and *Phillips* v. *State* (Tex. Cr. App.), 36 S. W. 86. As illustrating the principle upon which these cases turn, it was said in the first cited: ''If the unquestioned evidence showed that the offense charged, and no other, was committed, then a conviction could only properly be had for the one charged. The admissions of defendant show that he was guilty of a felonious assault, unless justified. Under the testimony given by defendant himself, the court properly refused to instruct on an offense less than charged.'' Not so in the case at bar, as the evidence is susceptible of two interpretations,—an assault with intent to kill, or an assault with a dangerous weapon, being armed therewith, with intent to injure the defendant. The intent was not necessarily to kill because a pistol was used, and the jury found otherwise. The judgment should therefore be affirmed, and it is so ordered.          AFFIRMED.