J. H. MARTZ, Respondent, v. MARION FULLHART, Appellant.

Kansas City Court of Appeals, April 4, 1910.

PARENT AND CHILD: Purchase of Necessities: Implied Contract: Ratification of Unauthorized Purchase: Instructions. Defendant was sued for necessities purchased by his minor children and charged to his account. Defendant claimed the goods were not bought by him or by his authority. The law was correctly expounded in plaintiff's instructions which authorized a verdict for defendant if the goods were bought by defendant's authority, or if they were brought to defendant's home and used by him and his family with his knowledge that they had been bought by his children and charged to his account; and defendant's instructions authorizing a verdict for defendant in the face of such facts were properly refused.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker,* Judge.

AFFIRMED.

*N. A. Franklin* for appellant.

(1) A parent has a right to decide what are necessaries for his child and a stranger cannot hold him responsible therefor if the parent has made provision for his children. The defendant denied that he bought or authorized the goods to be bought by his children and

testified that he furnished them with necessaries. Hence it was error for the court to refuse defendant's instructions numbered 1 and 2. Am. and Eng. Ency. Law (2 Ed.), vol. 21, p. 1054 and cases cited. (2) It was error for the court to give plaintiff's instructions and refuse the converse of the propositions contained therein as contained in defendant's instructions. A party has a right to a direct and positive instruction, and the jury are not to be left to believe in distinctions where none exist, or to reconcile propositions by mere argument and influence. Calin v. Reid and Bungardt, 18 Mo. App. 115; Marshall v. Kansas City, 93 Mo. App. 154.

*J. C. McKinley* for respondent.

JOHNSON, J.—This suit was brought before a justice of the peace on an account for goods sold and delivered. A trial in the circuit court where the cause was taken by appeal resulted in a verdict and judgment for plaintiff. Defendant appealed.

Plaintiff was a retail merchant doing business in the town of Omaha, Putnam county, and defendant was a farmer living a mile and a half from that place. The account filed by plaintiff shows various sales from October 22, 1907, to July 6, 1908. The total of these sales is $26.07, and credits consisting of cash and trade items reduce the balance due to $22.12. The articles purchased all appear to be ordinary necessities, consisting, in the main, of articles of feminine wearing apparel. Defendant denies that he purchased the goods or authorized their purchase. The evidence of plaintiff shows the purchases were made by minor children of defendant who were members of his family and tends to show that the children were authorized by defendant to make the purchases on his credit and that the goods were taken to defendant's home and consumed by his family, with his knowledge and consent.

The law of the case was correctly expounded in the instructions given at the request of plaintiff which were as follows:

"1. The jury are instructed that if they believe from a preponderance of the evidence, that is, from the greater weight of the evidence, all the facts and circumstances considered, that the defendant purchased the goods mentioned in plaintiff's statement, or his children acting for him purchased the same; or if you believe that said goods were purchased without his authority but used or consumed by members of defendant's household with his knowledge; or if you believe said goods were purchased without his authority but brought to his home by his children or any one of them, and that defendant knew of such act or acts on the part of said children and made no objection thereto, then, in any such case you should find for the plaintiff for the reasonable value of such goods so purchased.

"2. The jury are instructed that authority from the defendant to his children to purchase the goods in question need not be proven by direct and positive testimony but may be proven by facts and circumstances in evidence, and in this case if you believe from all the facts and circumstances given in evidence that he did authorize his children to purchase the goods sued for, or that he acquiesced in such purchases after they were made, your verdict should be for plaintiff for the reasonable value of the goods so purchased, not exceeding the amount sued for, to-wit, $22.12.

"3. Before you can find for the plaintiff you must believe and find from a preponderance of the evidence that the defendant bought, or authorized the purchase of, goods described in plaintiff's petition; or that the said goods were obtained by the child or children of defendant from the plaintiff, and brought to the home of defendant, and that defendant knew of the same and made no objection thereto, and received said goods, or that they were so brought to the home of defendant

and used and consumed by members of defendant's household, with his knowledge, and the burden of proving either of said facts is upon the plaintiff throughout the trial."

The instructions asked by defendant and refused by the court were erroneous because they directed a verdict for defendant though the jury should find from the evidence that the goods were brought to defendant's home and consumed by him and his family with his knowledge that they had been bought by his children and charged to his account.

The case was tried without error and the judgment is for the right party.

Affirmed. All concur.