STATE, Respondent, v. MORSE, Appellant.

(150 N. W. 293.)

(File No. 3652.   Opinion filed December 31, 1914.)

1.  Criminal Law—Indictment and Information—Sufficiency—Designation of Offense—Constitutional Provisions.

Code Crim. Proc., Sec. 229, making sufficient an information from which it can be understood that the offense is designated in such manner as to enable a person of common understanding to know what is intended, held, to require an information which, as required by Const. Art. 6, Sec. 7, states the nature and cause of the accusation against him, and such statute is valid.

2.  Same—Indictment and Information—Requisites—Inclusion of Minor Offense—Assault.

Though the offense of assault with intent to kill necessarily includes the lesser offenses of assault, and assault with a dangerous weapon, an information charging the major offense need not incorporate all ingredients of the lesser offenses.

3.  Same—Homicide—Assault With Intent to Kill—Information— "Malice Aforethought," Necessity of Allegation of.

An information alleging that accused committed the crime of assault with intent to kill a person named, by willfully, unlawfully, and feloniously shooting at such person with a loaded pistol with intent to kill him, stated the offense defined in Pen. Code, Sec. 285, punishing assaults with intent to kill; and it was unnecessary to use the words "with malice aforethought" to indicate premeditated design, since they are not contained in the statute.

4.  Same—Jury—"Challenge to Panel"—Indefinite Allegations—Conclusion—Intentional Omission.

Under Code Cr. Proc., Secs. 320-322, defining a "challenge to the panel" as an objection to all trial jurors, and providing that it may be founded on a material departure from forms prescribed by law, a challenge to the panel, "that the same was not selected or drawn in manner provided by law," is but an allegation of a conclusion; while the assertion that the jury drawers "drew from the jury box some names that were not included in the list summoned to appear as jurors" was indefinite; and "that some of the jurors drawn from the box were not summoned and are not present as jurors" is insufficient, in not alleging that the omission was intentional; and said challenges were properly overruled.

5.  Same—Jury—Challenge to Panel—Discarding Names Drawn, Drawing Others—Prejudice.

A challenge to the panel on ground that officers, after drawing from box the number of names provided for in court order,

discarded certain names and drew others in their place, was properly overruled, under Laws 1913, Ch. 280, Sec. 1, in that it failed . to show prejudice to defendant's substantial rights, although there was a departure from the forms prescribed by law, in the discarding, by the person drawing the names, of some of those names.

6. **Same—Jury—Challenge to Individual Jurors—Drawing Excess of Names.**

The objection that an excess of names of jurors was drawn does not go to the whole panel, but applies only to the excess, and is only a matter of challenge to individual jurors drawn in excess.

7. **Same—Jurors—State's Exception to Challenge, Necessity—Prejudice.**

While the state should have excepted or answered to a challenge to the panel of jurors by defendant, the failure to do so in advance of the overruling thereof by the court was not prejudicial, where the challenge was not tenable.

8. **Same—Jurors—Implied Bias—Actual Bias—Making Affidavit Against Change of Venue—Statute.**

One giving an affidavit that he believes that defendant, seeking a change of venue, may obtain a fair trial in the county, may not be challenged as a juror for implied bias, under Code Cr. Proc., Sec. 339, which, in specifying grounds for such challenge, does not include making of such affidavits. **Held,** further, that giving of such affidavit is not ground for challenge for actual bias.

Polley, J., dissenting.

9. **Criminal Law—Appeal—Jurors—Actual Bias—Challenge—Judicial Discretion—Statute.**

The determination of question of actual bias being, under Code Cr. Proc., Sec. 338, a matter resting in sound discretion of trial court, a ruling upon a challenge for such bias will not be disturbed on appeal except for abuse of discretion.

10.—**Same—Review—Ruling on Challenges of Jurors—Specifications, Assignments, of Error, Necessity For—New Trial.**

The denial of a challenge to a juror whose examination is alleged to show he has an opinion as to defendant's guilt, will not be considered on appeal, where the ruling is not alleged as errors in specifications of error on motion for new trial, and is not asigned in assignments of error.

11. **Criminal Law—Homicide—Assault With Intent to Kill—Self-Defense—Instructions, Want of Evidence Applicable to—Statute.**

Where, on trial for assault with intent to kill by shooting, accused admitted that, in pointing the revolver at prosecutor,

he intended to "bluff" him into talking sensibly, and claimed it was pressure of prosecutor's hand in which the revolver was held that caused its discharge, and there was evidence that prosecutor had, a few minutes previously, called defendant a vile name, that the parties had separated, and accused was searching for prosecutor at time of shooting, held, there was no evidence upon which to base an instruction on question of self-defense, especially in view of Laws 1909, Ch. 11, making use of abusive language, intended or tending to provoke an assault, a misdemeanor, and the taking of the law into one's own hands for such abuse is not acting in self-defense.

**12.  Same—Homicide—Assault With Intent to Kill—Verdict Referring to Statute, Uncertainty of—Elements of Crime—Degrees—Statute.**

The offense of assault with intent to kill, under Pen. Code, Sec. 285, though containing the elements of assault from simple assault to assault with intent to kill, is not divided into degrees within Code Cr. Proc., Sec. 408, requiring jury to find degree of crime where it is divided into degrees; and a verdict finding defendant "guilty as charged under Section 285, Penal Code," is sufficiently certain.

**13.  Criminal Law—Verdict, Certainty of—Instructions as to Different Offenses—Absence of Exceptions—Prejudice.**

Where, on trial for assault with intent to kill, the court charged that, if jury did not find accused guilty of the offense charged, they could find him guilty of assault with a dangerous weapon, or of simple assault, or not guilty, and submitted four forms of verdict, no exceptions being taken thereto, held, that a verdict of guilty as charged "under Section 285, Penal Code" was sufficiently certain.

Appeal from Circuit Court, Bon. Homme County.  Hon ROBERT B. TRIPP, Judge.

The defendant, F. H. Morse, was convicted of assault with intent to kill.  From an order denying a new trial, defendant appeals.  Affirmed.

*Joe Kirby, F. D. Wicks,* and *French & Orvis,* for Appellant.

*Royal C. Johnson,* Attorney General, *W. W. Franch,* State's Attorney, *C. M. Stillwill,* and *C. C. Puckett,* for Respondent.

(1)  Under point one of the opinion, Appellant cited:  22 Cyc. 339; State v. Horn, 21 S. D. 237; Territory v. Conrad, 1 Dakota, 348; State v. Peterson, 122 N. W. 667; Adell v. State, 34 Ind. 543; 2 Bish. Cr. Pro., Sec. 77.

Respondent cited:  Const. Art. 6, Sec. 7; Secs. 221, 228, 229, Code Civ. Proc.; Laws 1913, Ch. 242; Pen. Code, Sec. 310;

Jones v. State, (Ala.) 34 So. 236; Brass v. State, (Fla.) 34 So. 307; Graham v. People, (Ill.) 55 N. E. 179, 47 L. R. A. 731; Commonwealth v. Robertson, (Mass.) 38 N. E. 25; State v Geddes, (Mont.) 55 Pac. 919; Slover v. Territory, (Okla.) 49 Pac. 1009; State v. Noakes, (Vt.) 40 Atl. 249; State v. Stephens, 154 S. W. 1149; Wharton, Criminal Pleadings, Sec. 220.

(3) Under point three of the opinion, Appellant cited: People v. Urias, 12 Cal. 326; State v. Fee, 19 Wis. 591.

(4) Under point four of the opinion, Appellant cited: People v. Armstrong, 13 Pac. 342; Gardner v. Turner, 9 Johnson (N. Y. C. L.) 259, a civil case.

(8) Under point eight of the opinion, Appellant cited: Rothschild v. State, 7 Tex. App. 540; 1 Bish. Cr. Proc., Sec. 909; People v. Kehr, 8 Cal. 362; Eason v. State, 6 Bax. 476; Bis. Cr. Pro., Sec. 910.

Respondent cited: Hardin v. State, (Tex.) 49 S. W. 607; State v. Wisdom, 84 Mo. 177; State v. Church, 6 S. D. 89; Code of Criminal Procedure, Sec. 341.

(10) Under point ten of the opinion, Respondent cited: McAndrews v. Bank, (S. D.) 127 N. W. 536; State v. Johns, (S. D.) 127 N. W. 470; Baer v. State, (Neb.) 81 N. W. 856; Hawkins v. State, (Neb.) 83 N. W. 198.

(11) Under point eleven of the opinion, Appellant cited: Moline Plow Co. v. Gilbert, 3 Dak. 252.

Respondent cited: Hooper v. State, (Tex.) 16 S. W. 665; State v. Reed, (Mo.) 23 N. W. 886; McPherson v. State, 29 Ark. 225; Hayden v. Commonwealth, (Ky.) 63 S. W. 20; 26 Cent. Col. 292-307; Scales v. State, 11 So. 121.

(12) Under point twelve of the opinion, Appellant cited: Dick v. State , 3 O. St. 89; Park v. State, 3 O. St. 101; People v. Campbell, 40 Cal. 129.

Respondent Cited: People v. Cummins, (Cal.) 49 Pac. 576; State v. Ireland, (Kans.) 83 Pac. 1036; Ellis v. State, (Ind.) 40 N. E. 801; State v. Eno, 8 Minn. 220; State v. Walker, 24 Mo. 679; Arnold v. State, 61 Ga. 144; State v. Adams, 31 La. Ann. 719; Commonwealth v. Carrington, 116 Mass. 37; State v. Collyer, (Nev.) 30 Pac. 891; Burgess v. State, (Tex.) 24 S. W. 286; Preuit v. People, 5 Neb. 377.

GATES, J. An information filed by the state's attorney of Bon Homme county charged that defendant on October 23, 1913, at said county—

"then and there did commit the crime of assault with intent to kill against the person of a human being to-wit, Gustav L. Halberg, in the manner following, to-wit: That the said F. H. Morse then and there did willfully, unlawfully, and feloniously shoot at said Gustav L. Halberg with a firearm, to-wit, a pistol loaded with gunpowder and a leaden ball, with intent to kill him, said Gustav L. Halberg, contrary to the form of the statute," etc.

A demurrer thereto on the ground of insufficient facts to constitute an offense, and that the nature and cause of the accusation were not revealed, was overruled. The trial court denied a motion for a change of venue. When the cause was reached for trial, defendant's counsel interposed the following challenge to the panel by dictating the same to the court reporter:

"At this time the defendant interposes a challenge to the panel on the ground that the same was not selected or drawn in the manner provided by statute; that the officers whose duty it was to draw the jury drew from the jury box some names that were not included in the list summoned to appear as jurors, and, after having drawn from the box the number of names provided for in the order of this court, discarded and threw aside certain names drawn and drew others in their place; and that some of the names of jurors drawn from the box were not summoned and are not present as jurors."

The state neither excepted to nor answered this challenge, and it was by the trial court overruled. Upon the examination of the jurors touching their qualifications, it appeared that four of the venire had given affidavits to the state's attorney for use in resisting the motion for change of venue in which they had asserted that they believed the defendant could have a fair and impartial trial in the county. Each was challenged for cause on the ground of actual and implied bias, which challenges were overruled, and each was excused by defendant upon peremptory challenge. The defendant used all of his peremptory challenges allowed by statute, and then asked the court for the right to

exercise an additional peremptory challenge because of being compelled to use four peremptory challenges to displace said four jurors; which request was denied. The cause then proceeded to trial upon the testimony presented. The defendant made no requests for instructions to the jury. Thereupon the court charged the jury. Immediately thereafter and before the jury was directed to retire, one of the defendant's counsel asked the court if he might except to the charge after the jury had retired. The judge asked what the objection was, and counsel stated that the court did not charge that the jury would have to find that the assault was wrongful and unlawful. The judge said that exception could be taken after the jury retired. After the jury had retired, defendant excepted to the charge as follows:

"(1) That this charge ignores the question of self-defense. (2) That this charge does not require the jury to find that it was wrongfully and unlawfully done, or that it contained the elements of assault.".

Thereupon the jury found the defendant "guilty as charged under section 285, Penal Code." A new trial was sought, and from the order denying it this appeal was taken.

Defendant has presented six propositions for our consideration. He first contends that the information does not state facts sufficient to constitute an offense: (a) In that the crime charged necessarily includes assault, and that the minor offense is not charged; (b) in that the information should have alleged premeditated design; (c) in that chapter 242, Laws 1913, violates the Constitution, presumably that portion of section 7, art. 6, which gives accused the right "to demand the nature and cause of the accusation against him." ·

[1] Without determining whether the portion of said act of 1913 which amends section 221, C. Cr. Proc., violates the foregoing section of the Constitution, we are entirely clear that subdivision 6 of section 229, C. Cr. Proc., as amended by said act, does not violate it. Said section 229 as thereby amended is in part as follows:

· "The indictment or information is sufficient if it can be understood therefrom: * * * (6) That the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended."

[2, 3] Viewed in this light, if the persent information complies with said subdivision 6 it is sufficient. Section 285, Pen. Code, reads as follows:

"Every person who shoots or attempts to shoot at another, with any kind of firearm, air gun, or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, and by such other means or force as was likely to produce death, with intent to kill any other person, is punishable by imprisonment in the state prison not exceeding ten years."

There is no force to the contention that the minor charge of assault should have been specifically set out. The authorities cited by defendant apply to the case of an attempt to commit a crime which crime involves a lesser offense. For example, if the information had charged the defendant with an attempt to assault Halberg, with intent to kill him, then the citation from 2 Bishop's Crim. Procedure, § 77, might have been applicable. Because the offense of assault with intent to kill necessarily includes in it the lesser offenses of assault and assault with a dangerous weapon is no reason for incorporating into the information all of the ingredients constituting the lesser offenses. Nor are the words "with malice aforethought," or other words indicating premeditated design, necessary to be included, because they are not contained in the statute designating the offense. Rice v. People, 15 Mich. 9; State v. Shunka, 116 Iowa, 206, 89 N. W. 977; State v. Kelly, 41 Or. 20, 68 Pac. 1; State v. Michel, 20 Wash. 162, 54 Pac. 995; State v. Ostman, 147 Mo. App. 422, 126 S. W. 964.

The information clearly and concisely stated the facts necessary to be stated under section 285, Pen. Code. It designated the offense in such a manner as to enable a person of common understanding to know what was intended, and it is sufficient. In this connection we cannot refrain from quoting with approval a laconic sentence by Mr. Justice Holmes in Paraiso v. United States, 207 U. S. 368, 28 Sup. Ct. 127, 52 L. Ed. 249:

"The bill of rights for the Philippines, giving the accused the right to demand the nature and cause of the accusation against him, does not fasten forever upon those islands the inability of the seventeenth century common law to understand or accept a

pleading that did not exclude every misinterpretation capable of occurring to intelligence fired with a desire to pervert."

Defendant next says that his challenge to the panel hereinbefore set out should have been sustained upon its merits, and because no exception thereto nor answer thereto was filed by the state. The Attorney General contends that the trial court properly overruled the challenge because it was not in writing and because no evidence was offered in support of the truthfulness of the challenge. If we should apply the reasoning of the Wisconsin court in Ullman v. State, 124 Wis. 602, 103 N. W. 6, and hold that a challenge dictated to the court reporter was in writing in contemplation of law, we would still find, as hereinafter set forth, that the disallowance of the challenge was not erroneous. It is therefore not necessary to decide whether this challenge was in effect in writing.

[4] Sections 320, 321, and 322, Code Crim. Pro. are as follows:

"Sec. 320. A challenge to the panel is an objection made to all the trial jurors returned, and may be taken by either party.

"Sec. 321. A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn.

"322. A challenge to the panel must be taken before a juror is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the ground of challenge."

Examining the several clauses of the challenge, we find that the clause, "that the same was not selected or drawn in the manner provided by statute," is clearly not an allegation of fact, but is purely an allegation of a conclusion. The assertion that the jury drawers "drew from the jury box some names that were not included in the list summoned to appears as jurors" is indefinite. If it was thereby intended to aver that all of the names drawn were not placed upon the list given to the sheriff, the language used does not assert that fact. If it was thereby intended to aver that there was an omission to summon certain jurors, that averment is covered by the later assertion, "that some of the jurors drawn from the box were not summoned and are

not present as jurors." If the latter averment be considered as a plain and distinct specification of fact, it is still insufficent under section 321, supra, for the reason that it was not alleged that such omission was intentional.

[5] The remaining portion of the challenge, to-wit, "and after having drawn from the box the number of names provided for in the order of this court discarded and threw aside certain names and drew others in their place," even if it contains allegations of fact, which is at least doubtful, may be considered from two angles: first, as to the exclusion cf names; and, second, as to the drawing of additional names beyond the requisite number. It is true that by section 717, Pol. Code, the person who draws the name from the box (viz.: either the county auditor, or county treasurer, or sheriff) is not authorized to discard names than directed by order of court. In so far as certain names were discarded, the objection, if it states facts, may be considered as an objection to the whole panel, but it is only a material departure from the forms prescribed by law in respect to the drawing of the jury (section 321, supra) that would be a ground of challenge under this objection. In New York we find that section 362; C. Cr. Proc. is virtually the same as our section 321, supra, except that the words "to the prejudice of defendant" appear after the word "departure." By section 1, c. 280, Laws 1913, these words are as effectually written into our section 321, supra, as if literally incorporated therein. In a long line of decisions in New York, it is held that prejudice to the defendant must be shown in connection with the challenge. See cases cited in dissenting opinion in the case of People v. Damron, 160 App. Div. 424, 145 N. Y. Supp. 239. See, also, Wilhelm v. People, 72 Ill. 468; Wood v. State, 3 Okl. Cr. 553, 107 Pac. 937; Bouvier Law Dict. under "Challenge." While a discarding of names is a departure from the prescribed form of procedure, could it be said that, if the name of a person known to be dead was drawn, the discarding of such name would be such a material departure as would require the setting aside of the panel We think not. For failure to show prejudice, this part of the challenge must be held insufficient.

[6] The objection that an excess of names was drawn does

not go to the whole panel. It only applies to the excess, and is therefore only a matter of challenge to the individual jurors drawn in excess of the required number. Clears v. Stanley, 34 Ill. App. 338; Conkey v. Northern Bank, 6 Wis. 447; State v. Hogan, 67 Conn. 581, 35 Atl. 508; Commonwealth v. Chance, 174 Mass. 245, 54 N. E. 551, 75 Am. St. Rep. 306.

[7] Technically, the state should have excepted to the challenge. If that had been done, then the action of the trial court would have been entirely regular; but the failure of the state to except to, or answer, the challenge in advance of the ruling of the court, was not prejudicial error. People v. Damron, supra.

For the reason stated, we must hold that the trial court committed no prejudicial error in disallowing the challenge.

[8] Defendant further claims that the challenge to the four jurors who had given affidavits on the motion for change of venue should have been sustained. It will be noticed that his challenge purports to be upon the ground of both actual and implied bias. Now section 339, C. Cr. Proc., says:

"A challenge for implied bias may be taken for all or any of the following causes, and for no other."

Then follow nine subdivisions of the section containing the causes. The giving of an affidavit as above described is not one of such causes.

Therefore the only ground of challenge available to defendant was that of actual bias. We find it unnecessary to here set forth the contents of the affidavits. Suffice it to say that the contents of them do not disclose bias toward defendant. It has been held in other jurisdictions that one who has given evidence on the question of change of venue is not for that reason alone disqualified to act as a juror. State v. Wisdom, 84 Mo. 117; Hardin v. State, 40 Tex. Cr. R. 208, 49 S. W. 607. It occurs to us that in such a case the tendency of an honest juror, who had testified that the defendant could have a fair trial in the county, would certainly be to give the defendant a fair trial, and that if he unconsciously leaned one way or the other it would be towards the side of the defendant. Of course the juror were dishonest, a different result might follow; but we may not presume that any of said four jurors was dishonest. Again, with our method of certifying names for jury duty and of draw-

ing them, it is not difficult for one to ascertain with accuracy the names remaining in the jury box. If the giving of testimony on a motion for a change of venue were in and of itself to constitute a disqualification for jury duty, it would not be difficult for either side of a cause to exclude all of the possible regular panel from participation as jurors. For these reasons we do not think that the giving of testimony on a motion for change of venue shuld be held, for that reason alone, to disqualify a juror.

[9] Furthermore, by section 338, C. Cr. Proc., the determination of the question of actual bias rests in the sound discretion of the trial court. Even if we were not satisfied with the correctness of the ruling of the learned trial court, as a matter of law, we do not find any abuse of discretion therein which would warrant us in reversing it. State v. Hayes, 23 S. D. 596, 122 N. W. 652; State v. Fujita, 20 N. D. 555, 129 N. W. 360, Ann. Cas. 1913A, 159.

[10] Defendant next claims that his challenge to the juror Kundert, one of the four, should also have been sustained because the evidence taken upon Kundert's examination fairly shows that he had an opinion as to the guilt of defendant which would necessarily influence his decision. It is a sufficient answer to this claim to say that this alleged ground of error was not contained in the specifications of error used on the motion for a new trial and is not contained in the assignments of error now before this court. The sole ground of objection to the juror Kundert mentioned in either the specifications or assignments was that he had given the affidavit used upon the motion for a change of venue.

[11] Defendant next complains of the instructions in that the question of self-defense, in connection with the offense charged, was not covered. It will be seen above that counsel obtained leave to make certain specific objections to the instructions after the jury retired. Those exceptions that he did obtain leave to so file have not been argued. But whether or not the exception to the omission of an instruction in regard to the law of self-defense in connection with the offense charged was timely made, it is not necessary for us to decide, because the evidence does not present a proper case for the application of the doctrine of self-defense. Defendant's own version of his action was that in

pointing the revolver·at Halberg he (the defendant) intended to "bluff" him into talking sensibly. Defendant further claimed that it was the pressure of the hand·of Halberg upon his hand in which the revolver was held that cause the discharge. He said: "It is a hair trigger. I either had to break my fingers or else not shoot the gun." Furthermore, the evidence shows without dispute that Halberg had, a few minutes previously, called defendant a vile name; that they had separated; and that defendant was searching for Halberg at the time of the meeting. Chapter II, Laws 1909, makes the use of abusive language, intended or tending to provoke an assault, a misdemeanor. It is not for the person so abused to take the law into his own hand. When he does so, it can hardly be said that he is acting in self-defense. That there can be no error in neglecting or refusing to give an instruction which is not applicable to the evidence has been decided so many times as not to need citation of authority.

[12] Lastly, defendant contends that the verdict is defective in that section 285, Pen. Code, contains all of the elements of assaut from simple assaut to assault with intent to kill. It is therefore argued that·it is uncertain what the jury found. While it is true that under an information for assault with intent to kill a jury might find one guilty of one of the lesser offenses of which assault is an ingredient, yet the offense of an assault with intent to kill is not divided into degrees, so that the provisions of section 408, C. Cr. Proc., discussed in the recent case of State v. Parks, 34 S. D. 510, 149 N. W. 161, and the cases cited by appellant, are not applicable.

[13] Furthermore, the jury were instructed that, if they did not find defendant guilty of the offense charged, they might find him guilty of assault with a dangerous weapon, or of simple assault, or not guilty, and four forms of verdict were contained in the instructions. No exception to these instructions nor to the four. forms outlined were taken. We can discover no prejudice to defendant in the form of the verdict. The form of the verdict was not objectionable for uncertainty. State v. Hayes, 23 S. D. 596, 122 N. W. 652.

There being no prejudicial error in the record, the order denying a new trial is affirmed.

POLLEY, J., dissents as to that portion of the decision re-

lating to the question of the exclusion of the jurors who gave
affidavits upon the motion for change of venue.